**In re FIRESIDE OFFICE SUPPLY, INC., d/b/a Fireside Computer Support Products, Debtor.**

**Bankruptcy No. BKY 4–80–1984(O).**

United States Bankruptcy Court, D. Minnesota.

Aug. 28, 1981.

Michael L. Meyer, Minneapolis, Minn., for debtor.

Steven J. Kluz, Minneapolis, Minn., for the creditors' committee.

Steven D. DeRuyter, Minneapolis, Minn., for purchasers.

William P. Westphal, Minneapolis, Minn., United States Trustee.

### MEMORANDUM ORDER

KENNETH G. OWENS, Bankruptcy Judge.

A noticed hearing was held August 20, 1981 on among other matters the application submitted on behalf of the committee of unsecured creditors seeking reimbursement as an expense of administration with respect to expenses incurred by its chairman Harry Plekavic of Boise Cascade Products in Itasca, Illinois, and associate Mr. Berg, in traveling from Chicago to Minneapolis on two separate occasions for meetings of the committee and negotiations with debtor and the purchasers under debtor's now confirmed plan of reorganization. The application is documented and itemizes the expenses as follows:

| $426.00 | Airfare |
|---|---|
| 81.00 | Taxis |
| 64.06 | Hotel |
| 34.50 | Meals |
| 29.82 | Rental Auto |
| 8.75 | Parking at Airport |
| $644.13 | |

Appearances were made by Michael L. Meyer for debtor, Steven J. Kluz for the creditors' committee, Steven D. DeRuyter for the purchasers, and by William P. Westphal, United States Trustee, who appeared in support of his objection to the application, asserting a lack of statutory authorization for such payment under the Bankruptcy Code, 11 U.S.C. § 101 et seq. He particularly points to Section 503(b)(3)(D) as excluding the possibility of such reimbursement.

"Section 503. Allowance of administrative expenses.

"(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—* * *

"(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—* * *

"(D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title; or * * * "

The United States Trustee as authorized in Section 151102 of the Code appointed the members of the committee of unsecured

creditors pursuant to Section 1102. The committee members, of course, as under the prior Bankruptcy Act serve without compensation. While Section 1103 authorizes the committee to employ attorneys, accountants, and agents whose compensation and reasonable expenses are compensable under Section 330 and payable on request under Section 503(b)(2), neither in those sections nor elsewhere in the Code is there any provision expressly permitting or prohibiting reimbursement to the committee for any other kind of expense, as here, incurred by the committee or its members. The question is whether the apparent casus omissus leaves the court without power to authorize reimbursement. I conclude not.

The prior Bankruptcy Act like the Code is silent as to reimbursement of committee expenses other than for hire of professionals. Sections 338 and 339 of the Bankruptcy Act. But Bankruptcy Rule 11–29 as an explanation or expansion of the Act expressly recognizes the authority of the court to allow reimbursement for such items of expense:

"* * * Expenses deemed reasonable and necessary by the court incurred by the committee other than for compensation of an attorney, accountant, or other agent or incurred by any selected member of the committee in connection with services performed as a member after the filing of the petition, may also be allowed as an expense of administration after hearing on such notice to such persons as the court may direct, whether or not a plan is confirmed. No member of the committee may be compensated for services rendered by him in the case."

The note of the Advisory Committee characterizes the addition, stating—

"Also new is the provision permitting selected members of the committee to be reimbursed for their expenses incurred while serving on the committee, after selection and the filing of the petition, if those expenses are found by the court to have been both reasonable and necessary. Such reimbursement is similarly discretionary with the court."

See also the Rules Comment to Section 339 of the Bankruptcy Act as found in 1976 Collier Pamphlet Edition, Bankruptcy Act and Rules, Part 1, p. 393.

"Another departure from the statute, is the discretionary allowance of expenses of committee members for their expenses incurred while serving on the committee (after election and after filing of the petition) if the court finds such expenses reasonable and necessary. While permitting reimbursement for expenses, the rule would not permit compensation for services rendered by a committee member."

Rule 11–29 remains in effect and applies under the Code unless inconsistent with the new statutory scheme. Section 405(d), Bankruptcy Reform Act, P.L. 95–598.

"(d) The rules prescribed under section 2075 of title 28 of the United States Code and in effect on September 30, 1979, shall apply to cases under title 11, to the extent not inconsistent with the amendments made by this Act, or with this Act, until such rules are repealed or superseded by rules prescribed and effective under such section, as amended by section 248 of this Act."

I find no inconsistency between the Rule and the Code. First to be observed is that Section 503 is not comprehensive and exclusive. The items of expense expressly recognized in the section are described following the word "including". The Code employs precise language and as stated in 11 U.S.C. § 102(3) "includes" and "including" are not words of limitation. Consequently, the omission of the description of expenses, as here, in Section 503 does not constitute a prohibition of their allowance. Nor does the exclusionary clause in Section 503(b)(3)(D) constitute a prohibition of such allowance. There is no need, for present purposes, to rationalize the exclusion except that it may be noticed that the measure of allowability under 503 is based upon "a substantial contribution" whereas the allowance to the creditors' committee may involve a different measure of necessity.

Since the treatment of the subject of reimbursement of expenses of a creditors' committee has been, as history indicates, appropriately committed to treatment by

Rule, the court is justified in looking to Bankruptcy Rule 11–29 and to be governed by it.

The expenses reimbursable under the Rule must be "necessary" and "reasonable". In this present instance, the chairman's trips were necessary and admittedly contributed to the success of the plan of reorganization eventually confirmed by the court. There is no reason to doubt each item of expense listed, and documented, represents an actual out-of-pocket payment. While some less expensive expedient might have been employed, as for example for the substantial Taxi expense, there is no indication in the present circumstance that the items of expense incurred were not both necessary and reasonable, having in mind the circumstances of the parties and considerations of time and distance. I conclude that the court may properly, under Rule 11–29, allow reimbursement of the expenses as expenses of administration in this case.

ACCORDINGLY, IT IS ORDERED that the application to pay necessary expenses incurred by the creditors' committee in the sum of $644.13 should be and the same hereby is allowed and payment thereof is directed.