**In re MAJOR DYNAMICS, INC., a
California Corporation, Debtor.**

**Bankruptcy No. 81-00821-P.**

United States Bankruptcy Court,
S. D. California.

Dec. 28, 1981.

Leo Sullivan of Oliver, Sullivan & Cummins, San Diego, Cal., for debtor.

Patrick Shea of Luce, Forward, Hamilton & Scripps, San Diego, Cal., for Official Creditors' Committee and Creditor Stefani B. Hinman.

Donald J. Biewenga of Steres, Alpert, and Carne appeared pro se court appointed Examiner.

1. Ms. Hinman's application indicates that she expended $37.64 for telephone services, $216.00 for gasoline used in travel to and from creditors' meetings, $13.00 for parking and $6.20 for "miscellaneous expenses."

2. Bankruptcy Rule 11-29(a) and (b) (regarding the functions of committees and the employment of attorneys, accountants and agents) are

## MEMORANDUM OF DECISION

ROSS M. PYLE, Bankruptcy Judge.

The Application For Fees For Services Rendered And Reimbursement For Costs Incurred by Luce, Forward, Hamilton & Scripps on behalf of the Official Creditors Committee and for reimbursement of costs to Stefani B. Hinman came on regularly for hearing on July 24, 1981. On an interim basis, the Court disposed of all the applications before it except that of Stefani B. Hinman, a member of the Creditors Committee. The Court having considered the application and arguments of counsel now renders its Memorandum of Decision with regard to Ms. Hinman's request for reimbursement of costs.

## FACTS

This case originated with the filing of a petition for relief under Chapter 11 of Title 11 of the United States Code on March 16, 1981. An order provisionally appointing eleven creditors to the Official Creditors Committee pursuant to § 1102(a)(1) was signed on June 2, 1981. Ms. Stefani B. Hinman is a member of the creditors committee, and has applied to the Court for reimbursement of costs which she incurred while acting as a member of the committee.[1]

## DISCUSSION

In cases arising under the former Bankruptcy Act, creditors committees, as well as individual members of a committee, could recover reasonable and necessary expenses. Bankruptcy Rule 11-29; see also 14 Collier on Bankruptcy, ¶ 11-29.04[3] (14th ed. 1976). Much of Rule 11-29 was incorporated into the Bankruptcy Reform Act of 1978 (Bankruptcy Code).[2] However, that part of Rule 11-29 which permitted reimbursement

incorporated into § 1103 of the Bankruptcy Code. (11 U.S.C. § 1103). Reimbursement of expenses and compensation formerly provided for by Bankruptcy Rule 11-29(c) is now governed by § 328 of the Bankruptcy Code (11 U.S.C. § 328) and does provide for compensation of professionals employed by a creditors' committee.

of expenses to creditors committees, and individual committee members, was not carried forward into the Code.

Section 503 of the Bankruptcy Code governs the allowance of administrative expenses, and provides in pertinent part as follows:

(b) After notice and hearing, there shall be allowed, administrative expenses . . . including—

.   .   .   .   .

(3) the actual, necessary expenses . . . incurred by—

.   .   .   .   .

(D) a creditor, an indenture trustee an equity security holder, or a committee representing creditors or equity security holders *other than a committee appointed under section 1102 of this title*, in making a substantial contribution in a case under Chapter 9 or 11 of this title . . .

11 U.S.C. § 503(b)(3)(D).

The House Report on the proposed Technical Amendments Act which has not yet been adopted by Congress states regarding § 503 that it "adds a new paragraph providing for administrative expense treatment of expenses incurred by individuals in connection with their official responsibilities as members of a creditors' committee." H.R.Rep. No. 1195, 96th Cong.2d Sess., 13 (1980). The Senate Report states that the amendment "makes technical corrections to make clear that the expenses of a creditor's committee in a reorganization case are allowable as administration expenses." S.Rep. No. 150, 97th Cong., 1st Sess., 13 (1981).

While these technical amendments have not yet been enacted into law, they do provide an insight into the scope of the Code as it now stands. The amendment indicates that, for whatever reason, Congress did not in the original 1978 enactment grant the Bankruptcy Court the authority to allow reimbursement of expenses to a committee appointed pursuant to § 1102.

Section 503(b)(3)(D) does provide for reimbursement of expenses incurred by "a creditor." However, the subsection read as a whole does not provide for reimbursement to a creditor who is also a member of the § 1102 official creditors committee. It would indeed be anomolous to allow individuals on a committee to recover costs out of the estate when the Code does not provide such reimbursement to the creditors' committee itself.

Though this result may discourage active participation on creditors committees—a result not to this Court's liking—the remedy must be supplied by Congress and not by judicial fiat.

In the absence of a statutory provision for the allowance of costs to a member of the § 1102 Official Creditors' Committee, this Court holds that Ms. Hinman's costs should not be allowed as an administrative expense.

## CONCLUSION

Ms. Hinman's application for reimbursement of costs is denied.

The foregoing shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 752.

Let an Order enter accordingly.