## In re LYONS MACHINERY COMPANY, INC., Debtor.

### Bankruptcy No. LR 82-496.

United States Bankruptcy Court,
E.D. Arkansas, W.D.

April 4, 1983.

C. Richard Crockett, Little Rock, Ark., for debtor.

Isaac A. Scott, Jr., Little Rock, Ark., for Creditors' Committee.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Bankruptcy Judge.

Pending before the Court is the application of the creditors' committee, formed pursuant to Section 1102 of the Bankruptcy Code, for reimbursement of out-of-pocket expenses.[1] The application was filed February 14, 1983 and a noticed hearing was held March 2, 1983. There were no objections to the application. Counsel for the debtor stated to the Court at the hearing that the Creditors' committee had been of great assistance in the successful formulation and proposal of a final plan of arrangement presented to all the creditors on October 11, 1982 and ultimately confirmed by this Court on November 4, 1982; such plan to provide substantially full satisfaction of the secured and unsecured claims and obligations of the Chapter 11 debtor.

Upon a review of the files and pleadings in this case, the Court observes that the

---

1. Rexworks, Inc., of Milwaukee, Wisconsin, the largest unsecured creditor of the debtor, claims total expenses of $1,485.20 for expenses incurred by its representative while attending three meetings held July 27, 28, 1982; August 3, 1982 and November 4, 1982.

Wacker Corporation of Milwaukee, Wisconsin, claims total expenses of $984.21 for expenses incurred by its representative while attending two meetings held June 17, 1982 and July 27, 28, 1982.

Koehring Finance Corporation of Dayton, Ohio, claims total expenses of $483.75 for expenses incurred by its representative while attending one meeting on July 27, 28, 1982.

Bay State Abrasives of Westboro, Mass., claims total expenses of $651.64 for expenses incurred by its representative while attending one meeting July 27, 28, 1982.

petition, filed June 2, 1983, listed unsecured debts of $859,244.00. The petition reflects that all but one of the ten largest unsecured creditors are located outside the State of Arkansas and representatives would necessarily have had to travel some distance to serve on a creditors' committee and assist in the reorganization attempt by this debtor.

The issue presented to this Court is whether a Petition or application by the creditors' committee in this case can be granted allowing members of the committee to recover out-of-pocket expenses incurred while acting as members of a creditors' committee under Section 503 of the Bankruptcy Code governing the allowance of administrative expenses.[2]

The attorney for the creditors' committee, in support of the application, submitted the cases of *In Re Fireside Office Supply, Inc.,* 17 B.R. 43 (Bkrtcy., D.Minn.1981) and *In Re Jack J. Grynberg,* 19 B.R. 621, 622 (Bkrtcy., D.Colo.1982) for the Court's review. The Courts in both of these cases, although not relying on the same authority, granted applications for expenses incurred by members of creditors' committees. The Court in *Grynberg* allowed payments of expenses to one of the creditors who provided a substantial contribution to the reorganization of the debtor estate and also served on the creditors' committee. At issue in that case was whether the reimbursement of expenses incurred by an individual creditor serving as a member of a creditors' committee was permissible in light of the prohibition against reimbursing the expenses incurred by a creditors' committee under Section 503(b)(3)(D). That Court concluded, despite the prohibition on reimbursing the expenses incurred by a creditors' committee under Section 503(b)(3)(D), that it is permissible to reimburse an individual creditor serving as a member of the creditors' com-

mittee for expenses incurred, provided that the creditor's services are substantial and the expenses incurred are actual and necessary. The Court in *Fireside Office Supply* relied upon bankruptcy Rule 11–29 and section 503 of the new Bankruptcy Code, concluding that section 503 is not comprehensive and exclusive.

This Court finds, however, that it must necessarily deny this application for reimbursement of out-of-pocket expenses of the creditors' committee for the following reasons.

The application now before this Court is *clearly* an application for reimbursement of expenses of the creditors' committee incurred by committee members while "in the course of discharging its duties" under Section 1102 of the Bankruptcy Code. (See paragraphs 1 and 2 of the creditors' committee application.) Neither in the application nor in testimony presented to this Court is there an indication or enumeration of individual services performed which would allow this court to conclude, as the Court did in *In Re Jack Grynberg, supra,* that these creditors' services to the administration of this Chapter 11 estate were individually "substantial" and beyond the expenses incurred by other committee members in the performance of their duties. Additionally, there was no indication that the expenses incurred were "actual and necessary". These are all requirements for the granting of an application for expenses to "a creditor" under Section 503 of the Bankruptcy Code. The only information brought to this Court's attention regarding services performed was the general statement made by the debtor's counsel that the committee was of great assistance in the debtor's reorganization.

---

2. Section 503 of the Bankruptcy Code governs the allowance of administrative expenses, and provides in pertinent part as follows:

  (b) After notice and hearing, there shall be allowed, administrative expenses ... including—

    .    .    .    .    .

  (3) the actual, necessary expenses ... incurred by—

    .    .    .    .    .

  (D) *a creditor,* an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders *other than a committee appointed under section 1102 of this title,* in making a substantial contribution in a case under Chapter 9 or 11 of this title ... [emphasis added]

If this Court was vested entirely with equity jurisdiction, it would in all likelihood be inclined to grant the application by members of the creditors' committee for their out-of-pocket expenses. There is no doubt that prohibiting reimbursement of costs, such as travel, lodging and food, to members of the creditors' committee who are located far away could serve to deter unsecured creditors, who perhaps need to participate the most in a Chapter 11 proceeding, from accepting a position on the committee.

However, in this Court's view, it is clear that Congress did not, in the original 1978 enactment of the Bankruptcy Reform Act, give the Bankruptcy Court the actual authority or the discretion to allow reimbursement of expenses under Section 503 to a creditors' committee appointed pursuant to Section 1102 of the Bankruptcy Code. The language contained in Section 503(b)(3)(D) specifically prohibits authorization of reimbursement of expenses incurred by the creditors' committee acting pursuant to Section 1102 whether or not the expenses were "actual and necessary" and whether or not the committee made a "substantial" contribution to the reorganization of the debtor estate. See in this regard, *In Re Major Dynamics, Inc.,* 16 B.R. 279 (Bkrtcy. D.Cal.1981), wherein that Court concluded that individual creditors serving on creditors' committees would not be permitted to recover their out-of-pocket costs from the debtor estate.

This Court also finds, as did the Courts in *In Re Jack J. Grynberg, supra,* n. 6 at 624,

and *In Re Major Dynamics, Inc., supra,* n. 2 at 279, that, although much of 11–29, F.R. B.P., which applied under the former Bankruptcy Act was incorporated into the Bankruptcy Reform Act of 1973, that part of the Rule which permitted reimbursement of expenses to creditors' committees was not carried forward into the Code. As pointed out by the Court in *Grynberg,* "inherent in the language of section 503(b)(3)(D) there is a conflict with 11–29 F.R.B.P. which makes a portion of the latter invalid. As part of the rule permits the reimbursement, that portion of the rule is in conflict with the Code." The Court in *Major Dynamics* specifically rejected the application of Rule 11–29 finding instead that the rule was superceded by the subsequent legislative enactment of the Bankruptcy Reform Act of 1978.

Thus, although acknowledging the apparent contribution made by this particular creditors' committee to the successful submission of a plan of reorganization for the debtor corporation, this Court does not feel it can rewrite the current legislation under which it receives its direction.[3] Since the creditors herein have not individually applied for their expenses substantiating that the costs were "actual and necessary" and detailing their particular "substantial" contribution to this Chapter 11 reorganization which might entitle them to reimbursement as "a creditor", this Court is bound by the language of section 503 of the Bankruptcy Code which specifically excludes payment of the expenses of the creditors' committee

---

3. The Court in *In Re Major Dynamics,* 16 B.R. 279, 280 (Bkrtcy.D.Cal.1981) points out that amendments to the Bankruptcy Code are currently pending in Congress, among which is an amendment which would add "a new paragraph [to section 503] providing for administrative expense treatment of expenses incurred by individuals in connection with their official responsibilities as members of a creditors' committee." H.R.Rep. No. 1195, 96th Cong.2d Sess., 13 (1980). That the Court found

> While these technical amendments have not not yet been enacted into law, they do provide an insight into the scope of the Code as it now stands. The amendment indicates

that, for whatever reason, Congress did not in the original 1978 enactment grant the Bankruptcy Court the authority to allow reimbursement of expenses to a committee appointed pursuant to § 1102.

In light of the proposed amendments to the Bankruptcy Code it would be difficult to conclude that Congress left the issue of whether to reimburse the creditors' committee for expenses incurred in the discharge of its duties to the discretion of the bankruptcy court. Rather, it seems more logical to conclude, as the Court did in *In Re Major Dynamics, supra,* at 280, that "the remedy must be supplied by Congress and not by judicial fiat."

functioning pursuant to Section 1102 of the Bankruptcy Code.[4]

---

4. This Court's findings are limited to the sole issue before it "whether an application for reimbursement of actual and necessary expenses submitted by a duly appointed creditors' committee under Section 1102 of the Bankruptcy Code are authorized under the provisions contained in the Code. No individual application by a creditor has been submitted to this Court as in the case of *In Re Jack Grynberg,* 19 B.R. 621, 622 (Bkrtcy.D.Colo.1982); therefore, this Court is not presented with that issue in the case at bar.