**In re INTERSTATE RESTAURANT SYSTEMS, INC., Hospitality Restaurants, Inc., Debtors.**

**Bankruptcy Nos. 82–01847–BKC–TCB, 82–01858–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

July 12, 1983.

Lawrence Schantz, Miami, Fla., for creditors committee.

Stanley Beiley, Miami, Fla., for debtors.

## ORDER DENYING REHEARING

THOMAS C. BRITTON, Bankruptcy Judge.

The secretary for the Chairman and the secretary for the Creditors' Committee in these chapter 11 cases have moved for rehearing (C.P. No. 368) of this court's denial of compensation to them in the Order on Fee Applications of May 26 (C.P. No. 367), 30 B.R. 32. The motion was heard on July 11. It is denied.

The applications were denied on the ground that the Code specifically authorizes reimbursement of "a professional person" employed by a creditors' committee, in such a manner as to clearly suggest (at least to me) that no other compensation or reimbursement be made to creditors' committee. The pertinent sections of the Code were cited in the original order. Movants invite my attention to the decision of another bankruptcy court made since the hearing on this application. *In re American Strevell, Inc.,* which has not yet been published. While I agree with Judge Mabey that members and officers of the creditors' committee are not "professional persons" and,

therefore, not authorized compensation under § 330, I do not agree with him that members of the creditors' committee are entitled to compensation under § 503(b)(3)(D). I agree with the contrary conclusion reached by our colleague in California, *In re Standard Furniture, Co.,* Bkrtcy.S.D.Cal.1980, 3 B.R. 527, 532.

■ Movants have argued that because the debtors never objected to their application, it ought to be allowed. This court has an affirmative responsibility to determine that all expenditures from the estate are authorized, reasonable and necessary. A chapter 11 debtor, who must win support of the creditors for his plan, is generally reluctant to antagonize any member of a creditors' committee. The debtors' silence in this instance, which is not unusual, affords no assurance that the expenditure is authorized under the present Code. I am convinced that it is not.