**In re Robert C. LABINE, individually d/b/a Professional Associates, Inc., d/b/a P.A. of Pontiac, Debtor.**

**Bankruptcy No. 82–01301.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Sept. 11, 1984.

Barbara Rom, Detroit, Mich., for Unsecured Creditors Committee.

Arnold S. Schafer, Detroit, Mich., for debtor.

Dennis Haley, Flint, Mich., Trustee.

Mark Lousch, U.S. Securities & Exchange Comm., Detroit, Mich.

MEMORANDUM OPINION ON APPLICATION FOR REIMBURSEMENT OF EXPENSES BY MEMBERS OF OFFICIAL UNSECURED CREDITORS COMMITTEE

ARTHUR J. SPECTOR, Bankruptcy Judge.

Various creditors have applied for reimbursement from the estate as administrative expenses of their out-of-pocket expenses relating to the performance of their duties as part of the official unsecured creditors committee. Section 503 of the Code deals with the allowance of adminstrative expenses. The part of that section which is in issue here is:

"(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

... (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

... (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under Chapter 9 or Chapter 11 of this title ..."

The exclusion of offical committees in the above quoted subsection is the subject of much controversy. Some courts have disallowed claims for administrative expenses for reimbursement of creditor committee expenses, finding that there is no express provision of the Code which allows it: *In re UNR Industries, Inc.*, 736 F.2d 1136, 11 B.C.D. 1324 (7th Cir.1984); *In re Farm Bureau Services, Inc.*, 32 B.R. 69 (Bankr.E.D.Mich.1983); *In re Interstate Restaurant Systems, Inc.*, 30 B.R. 32, 10 B.C.D. 1442, *reaffirmed on reconsideration*, 32 B.R. 103 (Bankr.S.D.Fla.1983); *In re Lyons Machinery Co.*, 28 B.R. 600, 10 B.C.D. 510 (Bankr.E.D.Ark.1983)[1]; *In re Major Dynamics, Inc.*, 2 C.B.C.2d 1330, 16 B.R. 279, 8 B.C.D. 759 (Bankr.S.D.Cal. 1981). Other courts have allowed such expenses based upon a variety of rationales: *In re Toy & Sports Warehouse, Inc.*, 10 C.B.C.2d 847, 38 B.R. 646 (Bankr.S.D.N.Y. 1984); *In re GHR Energy Corp.*, 35 B.R. 539, 11 B.C.D. 315 (Bankr.D.Mass.1983); *In re Pennsylvania Tire & Rubber Co.*, 25 B.R. 18, (Bankr.N.D.Ohio 1982); *In re Grynberg*, 6 C.B.C.2d 541, 19 B.R. 621, 8 B.C.D. 1337 (Bankr.D.Colo.1982)[2]; *In re Fireside Office Supply, Inc.*, 5 C.B.C.2d 111, 17 B.R. 43, 8 B.C.D. 202 (Bankr.D. Minn.1981). This opinion will (humbly) at-

---

1. In that case the court denied the application for allowance of expenses but did so because it was an application filed by the committee itself rather than an application filed by an individual creditor seeking expenses.

2. In that case the court held that official committees are not entitled to reimbursement of expenses but that an individual committee member might be so entitled if it could show that it made a substantial contribution to the estate. This was also the result of the *In re Farm Bureau Services, Inc.*, case.

tempt to distinguish and/or harmonize these cases, posit an hypothesis meant to bridge the gaps between them, approach the "true" legislative intent, and facilitate what all agree to be the "proper" policy result.

There are compelling policy considerations which weigh in favor of the allowance of official committee expenses. Prohibiting reimbursement of expenses incurred in the course of performing committee duties may "deter unsecured creditors, who perhaps need to participate most in a Chapter 11 proceeding, from accepting a position on the committee." *In re Lyons Machinery, Inc.*, 28 B.R. at 602. In many cases, such as this one, the unsecured debt is substantial and members of the creditors' committee may be located at great distances from the court where the case is pending.

"Forcing members to finance their participation in a Chapter 11 case seems particularly unfair when their pocketbook interests have already been damaged because of their business relationship with the debtor. These creditors are already absorbing the costs of the services of their attorneys and highlevel corporate personnel who must devote time to the case. Further, ... the committee members are knowledgeable about the industry and the problems peculiar to it. Finally, under the scheme adopted by the Bankruptcy Reform Act of 1978, i.e., with the bankruptcy judge removed from active participation in the case and the preference for leaving the debtor in possession, a § 1102 committee has a more important role in terms of monitoring the debtor's business life and developing the terms of the plan of reorganization. I do not believe that it is sensible to conclude that Congress mandated a more critical role for official committees and at the same time chose to change the existing rule and bar members from obtaining reimbursement for the expenses incurred in performing their duties." *In re GHR Energy Corp.*, 35 B.R. at 542–543.

Even those courts which have held to the view that such expenses are not allowable as administrative expenses of the estate have done so reluctantly and after acknowledging that strong policy considerations dictate the opposite result. *E.g., In re Major Dynamics, Inc.*, 16 B.R. at 280; *In re Grynberg*, 19 B.R. at 622; *In re Lyons Machinery Co., Inc.*, 28 B.R. at 602.

The only opinion by a Court of Appeals dealing with this topic is the recent one by the Seventh Circuit in *In re UNR Industries, Inc., supra.* There, the Court expressly disavowed any discussion of § 503(b) of the Code; it merely held that a creditors' committee's litigation expenses were not compensable under § 330 of the Code, which deals with compensation and reimbursement for "officers", meaning "trustee", "examiner", "professional person employed under section 327 or 1103" or "the debtor's attorney". *Accord In re GHR Energy Corp.*, 35 B.R. at 541. It further held that Bankruptcy Rule 2016(a), which provides a procedure for obtaining allowance of compensation and reimbursement of expense, does not change this result, notwithstanding the Advisory Committee Note which states that the rule "includes within its provisions a committee, member thereof, agent, attorney or accountant for the committee when compensation or reimbursement of expenses is sought from the estate." This reading is correct because the note itself acknowledges that "§ 330 sets forth the bases for allowing compensation" and, as noted, that section provides no substantive basis for such an allowance. Procedures designed to implement a non-existent right are meaningless. *Contra, In re GHR Energy Corp.*, 35 B.R. at 542. No case holds that § 330 itself is a basis for the allowance of such expenses.

A number of cases have discussed the question of whether the exclusion clause in § 503(b)(3)(D) caused an express contradiction with the old Bankruptcy Rule 11–29. *In re Major Dynamics, Inc., supra*, which was followed by *In re Lyons Machinery Co., supra* and *In re Farm Bureau Services, Inc., supra*, held that it did and therefore that part of the rule which was incon-

sistent with the statute must fall. *In re Fireside Office Supply, Inc., supra,* which was followed by *In re Pennsylvania Tire & Rubber Co., supra, In re GHR Energy Corp., supra,* and *In re Toy & Sports Warehouse, Inc., supra* hold otherwise.

The reasoning of the strict constructionists is straightforward. Section 503(b)(3)(D) expressly excludes allowance of expenses of an official creditors' committee and it would be "anomalous to allow individuals on a committee to recover costs out of the estate when the code does not provide such reimbursement to the creditors' committee itself." *In re Major Dynamics, Inc.,* 16 B.R. at 280. Courts should not "rewrite the bankruptcy legislation". *In re Farm Bureau Services, Inc., supra* at 71. In essence, these opinions have held that if nothing in the Code says a court *can* do it, then it *can't* be done.

On the other hand, the broader view holds that if nothing in the Code says a court *can't* do it, then it *can* be done. *In re Fireside Office Supply, Inc., supra* explained that the Bankruptcy Act of 1898 was silent as to reimbursement of committee expenses other than for professionals. But Bankruptcy Rule 11–29 expanded the Act by providing the court with such authority. It noted that the Bankruptcy Code was likewise silent on this point. With respect to the apparent exclusionary clause in § 503(b)(3)(D), the court explained:

"I find no inconsistency between the Rule and the Code. First to be observed is that Section 503 is not comprehensive and exclusive. The items of expense expressly recognized in the section are described following the word 'including'. The Code employs precise language and as stated in 11 U.S.C. § 102(3) 'includes' and 'including' are not words of limitation. Consequently, the omission of the description of expenses, as here, in Section 503 does not constitute a prohibition of their allowance. Nor does the exclusionary clause in Section 503(b)(3)(D) constitute a prohibition of such allowance. There is no need, for present purposes, to rationalize the exclusion except that it

may be noticed that the measure of allowability under 503 is based upon 'a substantial contribution' whereas the allowance to the creditors' committee may involve a different measure of necessity." *Id.,* 17 B.R. at 45.

The court in *In re GHR Energy Corp., supra,* accepted the challenge and did "rationalize the exclusion" by noting that the exclusionary clause was definitional, not prohibitory; i.e., that it was meant to *include* a class not otherwise or formerly deemed to be entitled to such treatment—an *unofficial* committee, not *exclude* an official committee. The words "other than a committee appointed under section 1102 of this title" only state, in an inartful way, that a committee which was not officially appointed *could* receive an administrative expense priority for its expenses incurred "in making a substantial contribution" to the case. Thus, argued the court, the Bankruptcy Reform Act of 1978 is as silent on the question of reimbursement of *official* committees' expenses as was the old Act. Therefore, the Rules, policy considerations, and former practices were still applicable.

If a court were to follow the *In re Fireside Office Supply, Inc.* and *In re GHR Energy Corp.* rationale, it would not concern itself with § 503(b)(3)(D) at all, for the list of the types of allowable administrative expenses under § 503(b) is not exclusive. However, in *In re Toy & Sports Warehouse, Inc., supra,* which followed the reasoning of *GHR Energy Corp.,* and in *In re Grynberg, supra,* the courts decided to stay entirely within the confines of § 503(b)(3)(D). By using that specific subparagraph, the courts had to first find that the expenses of the committee members were not only actually, reasonably, and necessarily incurred in the performance of the committees' duties, but that such expenses were incurred in making a "substantial contribution" to the cases themselves. This is a much more stringent requirement. Because the policy favoring such allowances is so strong, the courts "reached" to make the necessary findings. It was apparent that the applicants in these

cases did nothing spectacular; all they did was participate in their respective committees. But because the *committees*, by the nature of the system, perform a crucial role in Chapter 11 administration under the Code, their theoretical contributions were deemed sufficient.

Both lines of cases have noted that Congress has attempted to legislate an answer to this question. In 1981 the Congress attempted to enact the proposed Technical Amendments Act of 1981. S. 863, 97th Cong. 1st Sess. Paragraph 9 of Section 31 of S. 863 would have amended 11 U.S.C. § 503(b) by changing the period at the end of paragraph (6) to a semi-colon and adding thereafter the word "and", and adding this new paragraph at the end of the section:

"(7) The actual, necessary expenses, other than compensation and reimbursement specified in paragraph (2) of this subsection, incurred by a committee appointed under section 1102 of this title."

The Senate Report on that bill stated that the amendment "makes technical corrections to *make clear* that the expenses of a creditor's committee in a reorganization case are allowable as administration expenses." S.Rep. No. 150, 97 Cong. 1st Sess., 13 (1981) (emphasis added). This same provision reappeared as § 642 of S. 1013, 98 Cong. 1st Sess., and again passed the Senate. Earlier, in the 96th Congress, the same provision was passed by the Senate and also by the House of Representatives as § 31 of S. 658, 98 Cong., 2nd Sess. Thus, both houses of Congress have voted at least once to include expenses of official creditors' committees in the itemized list of allowable administrative expenses of the estate. Nonetheless, due to other considerations upon which Congress was unable to agree, no statutory amendments were enacted until July 10, 1984.

The *Major Dynamics, Inc.* court read the proposed 1981 amendment as a realization by Congress that the present state of the law did not provide for such administrative expense allowances. However, the fact that Congress perceived a need for express clarification in this area does not mean that the law did not already implicitly sanction the procedure. *In re Pennsylvania Tire & Rubber Co., supra.* At least as plausible is the view that Congress was appalled that years of satisfactory practice under the Act might be reversed through inadvertence, and wished to "make clear" (Senate Report No. 150, 97 Cong. 1st Sess., 13 (1981)), that the word "including" in § 503(b) really did include official committees' expenses.

On July 10, 1984, the President signed into law the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98-353. Section 446 of the Act stated:

"Section 503(b) of title 11 of the United States code is amended—

... (7) in paragraph (6), by striking out the period and inserting in lieu thereof'; and'".

Section 503 of the Code now ends with a semi-colon and the word "and", as in its haste, the Congress, the government printer, or a clerk, neglected to include the paragraph which was obviously intended to follow the "and" at the end of paragraph (6) of § 503(b). The paragraph omitted— this new "inadvertent defect," *In re UNR Industries, Inc.*, 11 B.C.D. at 1327—was the paragraph contained in each prior version of the proposed bankruptcy amendment which would have added expenses of official committees to the itemized list of allowable administrative expenses.

It is by now abundantly clear that Congress has been continually frustrated in effectuating its abiding intent to include such a provision expressly into the text of the code as a separate species of allowable administrative expense. Its purpose can only be to clearly show that it means for official committees to be reimbursed for their expenses on a basis other than a showing of "substantial contribution to the case", for if that is all it meant to do all it had to do was delete the exclusionary clause from § 503(b)(3)(D). *See In re GHR Energy Corp., supra* at 541. All things considered, it is this Court's opinion that the most recent Congress' aborted attempt to explicitly include committee expenses as allowable administrative expenses is merely a clarification of what it believed the

state of the law was when the code was enacted. Specifically, Congress assumed that the word "including" in § 503(b) allowed courts to continue to use their discretion and/or to continue their former practice in this regard. By so reading Congressional intent, the Court is able to implement the salutary policy objective of encouraging active participation of official committees in the administration of Chapter 11 cases.

For these reasons, the application for allowance as administrative expenses of the estate of the expenses of the official unsecured creditors' committee will be granted. The Court has reviewed the details of the application, notes that no party in interest has objected to any part thereof, and finds that all of the expenses were actually, reasonably and necessarily incurred by the applicants in furtherance of their duties as members of the official unsecured creditors' committee. Therefore the application for reimbursement by the estate will be allowed in the amount prayed for. An order in conformity with this opinion may be submitted.

IT IS SO ORDERED.