### In re EVANS PRODUCTS COMPANY, Debtor(s).

### Bankruptcy No. 85–00512–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Aug. 7, 1985.

Milbank, Tweed, Hadley & McCloy, for Committee of Non-Insider Equity Security Holders.

Patrick A. Barry, Fort Lauderdale, Fla., for Equity Security Holders Committee.

### ORDER DENYING MOTION OF STOCK-HOLDER'S COMMITTEE FOR INTERIM REIMBURSEMENT OF MEMBERS' EXPENSES

THOMAS C. BRITTON, Bankruptcy Judge.

The motion (C.P. No. 500) of the Non-Insider Equity Security Holders of Evans Products Company for an order establishing a procedure for monthly reimbursement of expenses incurred by members of the committee was heard on August 5.

The motion has not been opposed. In this instance, the lack of opposition does not necessarily demonstrate enthusiasm by either the debtors or the other creditors. This court is on record from a previous case in holding that there is no authorization under the present statute for payment to the members of a creditors' committee. *In re Interstate Restaurant Systems, Inc.,* 30 B.R. 32 (Bankr.S.D.Fla.1983). A colleague in Los Angeles had reached the same conclusion. *In re Major Dynamics, Inc.,* 16 B.R. 279 (Bankr.S.D.Cal.1981). It is possible that the debtor and other creditors assume that this court will follow its previous, published decision.

■ There is clear statutory authorization to compensate professionals employed by a creditors' committee, and this committee is ably represented by a New York firm. Its arguments (C.P. No. 505) in support of this motion are familiar to me and, although I recognize that other colleagues have reached a different conclusion, I am not persuaded that compensation for the members of creditors' committees is authorized under the present legislation. Although the Advisory Committee note to B.R. 2016(a) includes the members of committees among those subject to the provisions of that Rule (which prescribes the content of applications), neither that Rule nor any other, nor any statutory provision currently authorizes the expenditure of a bankruptcy estate for the reimbursement of committee members. If the rule authorized such expenditures it would be in conflict with the statute and, therefore, ineffectual. The previous statutory provision giving the Rules primacy over the statute has been superseded.

■ If I were authorized to reimburse these committee members for their expenses from this estate, I would deny this application for interim compensation in any event. A significant element in the allowance of compensation is the benefit of the services to the estate and its creditors. It is far too early to assess the benefit, if any, to be derived from the volunteered services of this handful of minor stockholders. The likelihood that they will, in fact, make a significant contribution for the benefit of this estate appears remote at this point. It would not be appropriate to encourage them to incur substantial expense and then, at the close of the case, order a refund.

For each of the foregoing reasons, therefore, the application is denied.