In re AVIATION TECHNICAL
SUPPORT, INC., Debtor [1].

Bankruptcy No. 6–85–00467.

United States Bankruptcy Court,
W.D. Texas,
Waco Division.

Feb. 10, 1987.

Robin Phelan, Dallas, Tex., for the Creditors' Committee.

Eric Borsheim and Adrian Overstreet, Austin, Tex., for Aviation Technical.

## MEMORANDUM OPINION

R. GLEN AYERS, Chief Judge.

In what is a case of first impression, both for this Court, this District and this Circuit,[2] the Official Unsecured Creditors' Committee has moved for allowance, as administrative priority of claims, of expenses incurred by its members. Those expenses include travel, food and lodging costs while atttending committee meetings.

The Court first notes that there have been no objections filed to this claim for an allowance. The Debtor has not objected nor has any other party.

The Court further notes that the expenses claimed are necessary and reasonable. The Committee members have filed claims only for costs of attending meetings and attendant expenses. The costs are very reasonable (*i.e.*, no expensive meals or hotels, no "first class" air fares, etc.). The Committee Chairman testified that no meeting was called unnecessarily.

Finally, the Court finds that the actual work of the Committee, work which contributed significantly to the progress of the case, was itself reasonable and necessary.[3]

All of the facts show that these expenses, if allowable as a matter of law, should be allowed as a matter of fact.

1. This case was commenced as in involuntary Chapter 11. The order for relief, entered on November 13, 1985, was sustained on appeal to the district court and an appeal is pending before the Fifth Circuit. Reversal on appeal would probably moot this order.

2. Although other bankruptcy courts in this Circuit have allowed such claims, no Fifth Circuit opinion addresses the issue. *See, e.g.,* "Order Approving ... Actual and Necessary Expenses Incurred by ... Members ... of the Official Unsecured Creditors' Committee," *In re Kendavis Indus. Internat'l, Inc.,* No. 3–85–30348–M–11, Bankr.Ct., N.D.Tex., Sept. 24, 1986 (Judge McGuire).

3. It is as yet too early to determine whether the Committee's expenses are the result of work which can be said to have made a "substantial contribution" to the Debtor's estate. The determination of the Debtor's status as a debtor is not yet final.

*Conclusions of Law*

■ The starting point in any analysis of creditors' committee expense claims is 11 U.S.C. § 503(b)(3)(D):

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

...(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

...(D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under Section 1102 of this title, in making a substantial contribution in a case under Chapter 9 or Chapter 11 of this title;....

Some courts have read this section to state emphatically that expenses of official committees—those appointed under 11 U.S.C. § 1102—are not to be allowed. This is the position taken, *in dicta,* by the Seventh Circuit. *See In re UNR Indust., Inc.,* 736 F.2d 1136, 1139 (7th Cir.1984) (expenses claimed and denied under 11 U.S.C. § 330). It is certainly the position taken by Judge King, *In re Windsor Communications Gp., Inc.,* 54 B.R. 504, 509 (Bankr.E. D.Pa.1985).

Other Courts have chosen to read the provisions of the section as a poorly worded grant of authority, when *unofficial* committees are involved, and not as a prohibition against reimbursement to official committees. *See, e.g., In re GHR Energy Corp.,* 35 B.R. 539, 542 (Bankr.D.Mass. 1983). Judge Pelofsky, considering this issue in *In re Global International Airways Corp.,* 45 B.R. 258 (Bankr.W.D.Mo.1984), has held that the section has no application to official committees. After reviewing the Bankruptcy Act of 1898, which allowed these claims, and the legislative history of the 1978 Code, he held:

The provisions of Section 503(b)(3)(D) also fall into place as language enlarging

those parties who may be reimbursed if they make a "substantial contribution in a case under chapter ... 11. There is nothing in [the section] that compels the reading that it bars reimbursement to appointed committees. Rather this reading establishes a two tier tent: one for official committees and another for volunteer committees in terms of qualifying for reimbursement. An official committee is reimbursed if it performs its statutory duties. A volunteer committee is reimbused if it makes a substantial contribution.

*Id.* at 261.

The legislative history and the prior law are set out in both *Global* and *In re Labine,* 42 B.R. 883 (Bankr.E.D.Mich.1984). Simply put, the history of this section is as follows:

(1) Under Rule 11-29(c), Rules of Bankruptcy Procedure, these expenses were allowed under Chapter XI of the Act;

(2) The Code was silent in this regard, except for § 503(b)(3)(D); however, because the old rules remained in effect, courts continued to allow expenses under the 1978 Code, citing the old rules. *See, In re Pennsylvania Tire & Rubber Co.,* 25 B.R. 18 (Bankr.N.D.Ohio 1982). Others disagreed, finding no substantive law to support the award. *In re Major Dynamics, Inc.,* 16 B.R. 279, 280 (Bankr.S.D.Cal. 1981).

(3) With the promulgation of the new Bankruptcy Rules in 1984, Rule 2016 became effective. Because the Advisory Committee note to that rule indicated that committee expense applications were contemplated, some courts based reimbursement rewards in part upon that authority. *See, e.g., In re Toy & Sports Warehouse, Inc.,* 38 B.R. 646 (Bankr.S.D.N.Y.1984).

(4) In 1984, the Congress apparently intended to amend § 503 to allow these expenses, but failed to do so. *See In re Labine,* 42 B.R. at 887.[4]

---

**4.** *Labine* notes that the 1984 amendments added "a semicolon and the word 'and'" to § 503(b), intending to provide for these expenses but sim-

ply failed to do the job. 42 B.R. at 887. The most recent amendments, Bankruptcy Judges, United States Trustees and Family Farmer

(5) The legislative history of the 1984 Amendments includes, at Part II, *Congressional Record,* Friday, October 5, 1984, at p. S.–13772, an exchange between Senators Dole and DeConcini. That exchange makes it clear that the Senators believed that such expenses were payable and should continue to be payable.

With all of this in mind, in order to award these expenses as claims under § 503(b), this Court must first decide the appropriate way in which to interpret the statute. Put another way, may the Court award the fees without itself "legislating"? *See In re Timbers of Inwood Forest,* 793 F.2d 1380, 1384 (5th Cir.1986). Put another way, the Court may not vary the "plain meaning" of the statute. *Camineti v. United States,* 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917). Despite contrary conclusions of other courts, the statute on its face says nothing about the claims of official committees. Section 503(b) lists a series of expenses under the word "including" but there is no "limited to" language. Contrast the holding in *Major Dynamics,* 16 B.R. at 280.

The Court must next look to the legislative history when the statute is unclear or silent. *See, In re Timbers of Inwood Forest,* 793 F.2d at 1384. A review of the legislative history is simple because the history is clear: such expenses were considered as allowable claims.

An analysis of the statute as a whole is more complicated, however, the result is the same. The purpose of the statute and Chapter 11 (11 U.S.C. § 1101 et seq.) is to foster reorganization. Committees are an integral part of that process and to deny such compensation would clearly discourage participation by creditors on committees. *See, e.g. In re Major Dynamics,* 16 B.R. at 279–80. This may add a layer of expense, *In re Windsor Communications,* 54 B.R. at 509, however, this expense is justified on policy grounds so as to encourage creditor participation. *See, Global,* 45

Bankruptcy Act of 1986, H.R. 5316, 99th Cong., 2d Sess., § 283(g)(3) now delete the "and" and

B.R. at 261. *See also, In re GHR Energy Corp.,* 35 B.R. at 542–43.

This Court has found the expenses of the Official Unsecured Creditors' Committee to be reimbursable. The Court must now determine the standard to be applied in ascertaining which expenses are to be paid from the estate.

■ If § 503(b)(3)(D) is applied to *official committee expenses,* "substantial contribution" must be found. *See, e.g., In re Farm Bureau Serv., Inc.,* 32 B.R. 69, 71 (Bankr.E.D.Mich.1982). But, as Judge Pelofsky pointed out in *Global,* 45 B.R. at 261, that section has nothing to do with *official committees.* The limitation, of substantial contribution only applies to unofficial committees addressed in that section. In reviewing the aborted attempt to place these expenses into § 503(b)(3)(D) at "new (7)," the *Labine* court determined that the standard was to have been "actual and necessary." *Labine,* 42 B.R. at 886–87.

Like the *Global* and *Labine* courts, this Court concludes that the standard to be used in determining which expenses are to be paid from the estate are those Official Unsecured Creditors' Committee expenses which are actual and necessary. While the *Farm Bureau* court found such expenses to be like those incurred by an ordinary litigant and thus not compensable, 32 B.R. at 71, this Court disagrees. Creditors who agree to serve on a committee undertake a fiduciary duty to all in that class. *See e.g., In re Johns-Manville Sales Corp.,* 26 B.R. 919, 925 (Bankr.S.D.N.Y.1983).

In summary, this Court concludes that § 503(b)(3)(D) has no application to this administrative claim. The proper source for authority to award expenses to the Official Committee is § 503(b) itself as mandated by both the legislative history and statutory policy. The substantial contribution standard does not apply, but rather the actual and necessary standard is to be used in ascertaining which expenses of the Offi-

the ";".

cial Unsecured Creditors' Committee are to be paid from the estate.

An order consistent with this opinion will be entered.