**In re GHR ENERGY CORP., Debtor.**

**Bankruptcy No. 4–83–00056–G.**

United States Bankruptcy Court,
D. Massachusetts.

Nov. 18, 1983.

Stephen F. Gordon, Boston, Mass., for GHR Energy Corp./Debtor.

Robert M. Gargill, Boston, Mass., for Continental Illinois Nat. Bank & Trust Co. of Chicago, as agent for the debtor's secured bank creditors ("Banks").

Joseph Braunstein, Gerrard F. Kelley, Asst. U.S. Trustee, Boston, Mass., for creditors' committee/GHR Energy Corp.

## MEMORANDUM AND ORDER ON APPLICATIONS OF CREDITORS' COMMITTEE FOR REIMBURSEMENT OF EXPENSES

PAUL W. GLENNON, Bankruptcy Judge.

Pending before the Court are the June 14, 1983 application and the September 14, 1983 supplemental application of the creditors' committee in the above-captioned case for reimbursement of expenses. The committee of creditors holding unsecured claims was appointed by the United States Trustee on February 4, 1983 pursuant to 11 U.S.C. § 151102.[1] Reimbursement is sought in the total amount of $24,117.39 for expenses incurred by individual representatives of eleven (of thirteen) corporate committee members[2] for travel, lodging, food, and certain miscellaneous items such as parking and ground transportation, in connection with attendance at creditors' committee meetings in Boston on February 4, March 10 and 11, June 23 and 24, and August 24 and 25, 1983; in New Orleans on April 7, April 21 and 22, May 19, and July 25, 1983; and in Houston on June 8, 1983. Annexed to the applications are records which document the amounts requested.

The applications are supported by the debtor. Objections to the June application were filed by the United States Trustee and by Continental Illinois National Bank and Trust Company of Chicago, as agent for the debtor's secured bank creditors ("Banks"). At the October 4, 1983 hearing on the sup-

---

1. Chapter 15 of Title 11 is applicable in this district. 11 U.S.C. § 1501.

2. Reimbursement of expenses is sought for the following committee members:

| | |
|---|---|
| B & G Crane Service, Inc., New Orleans, La. | $5509.52 |
| Alamo Barge Lines, Inc., Houston, Texas | $1444.36 |
| Ethyl Corporation, Baton Rouge, La. | $ 791.13 |
| Lagoven, S.A., Caracas, Venezuela | $2731.38 |
| Big Three Industries, Inc., Houston, Texas | $2767.27 |
| Mid-Coast Barge, Port Aransas, Texas | $1777.11 |
| H & L Supply, Inc., Houston, Texas | $ 985.66 |
| Stauffer Chemical Company, Houston, Texas | $ 899.52 |
| Gulf-Intracoastal Marine, Inc., Baton Rouge, La. | $3868.25 |
| PPG Industries, Inc., Pittsburgh, Pa. | $1843.39 |
| Wallace & Wallace Enterprises, Inc., St. Albans, N.Y. | $1499.80 |

The other two members are:
Ingersoll Rand, Woodcliff, N.J.
South East Valve Supply, New York, N.Y.

plemental application, the Banks withdrew their objection and the United States Trustee did not appear. The substance of the United States Trustee's written objection is that there is no provision under the Bankruptcy Code for the allowance of creditors' committee members' expenses and, even if the Bankruptcy Code does not as a matter of law bar the reimbursement of committee members' expenses, it is nonetheless premature at this stage of the reorganization case to authorize payment of the expenses.

■ The issue is whether payment for reimbursement of expenses submitted by a creditors' committee appointed under § 1102[3] for actual and necessary expenses incurred by individual members of the committee in the course of performing committee duties is authorized under the Bankruptcy Code.

The section of the Bankruptcy Code which arguably addresses this question is 11 U.S.C. § 503(b)(3):

(b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—. . .

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection incurred by—

(A) a creditor that files a petition under section 303 of this title;

(B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor;

(C) a creditor in connection with the prosecution of a criminal offense relating to the case, or to the business or property of the debtor;

(D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee

appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title; or

(E) a custodian superseded under section 543 of this title, and compensation for the services of such custodian

. . . .

The predominant view among the few courts that have considered this question is that "Congress did not, in the original enactment of the Bankruptcy Reform Act, give the Bankruptcy Court the actual authority or discretion to allow reimbursement of expenses under Section 503 to a creditors' committee appointed pursuant to Section 1102 of the Bankruptcy Code." *In re Lyons Machinery Co., Inc.,* 28 B.R. 600, 602 (Bkrtcy.E.D.Ark.1983). *See also In re Major Dynamics, Inc.,* 16 B.R. 279 (Bkrtcy. S.D.Cal.1981) and *In re Interstate Restaurant System, Inc.,* 30 B.R. 32, 33 (Bkrtcy.S. D.Fla.1983). This conclusion is reached by a very literal reading of § 503(b)(3)(D). It is read as providing that the actual and necessary expenses of a creditor, an indenture trustee, or an unofficial committee representing creditors or equity security holders may be allowed as administrative expenses but the actual and necessary expenses of a committee appointed under § 1102 may not. From this point it is concluded that it "would indeed be anomolous to allow *individuals* on a committee to recover costs out of the estate when the Code does not provide such reimbursement to the creditors' committee itself." *In re Major Dynamics, Inc., supra,* at 280 (emphasis added).[4]

I think this technical reading of § 503(b)(3)(D) is incorrect. It ignores the structure of § 503(b); it is a reversal, without support in the legislative history, of the law governing cases which arose under the

---

**3.** References to § 1102 are intended to include § 151102.

**4.** Some courts have cushioned this position by concluding that an application filed by the individual creditor for reimbursement of actual and necessary expenses incurred in making a sub-

stantial contribution to the case, which contribution went *beyond* the creditor's performance of ordinary committee duties, may be allowed. *See In re Lyons Machinery Co., Inc.,* 28 B.R. 600 (Bkrtcy.E.D.Ark.1983) and *In re Grynberg,* 19 B.R. 621 (Bkrtcy.D.Colo.1982).

Bankruptcy Act; and it flies in the face of important policy considerations in reorganization cases.

Subsection 503(b)(2) gives administrative expense priority to compensation for services allowed under § 330(a)(1) and to reimbursement of actual and necessary expenses under § 330(a)(2) to those employed in an official, court-authorized role in the case. Subsection (b)(3) gives this same administrative expense treatment to the actual and necessary expenses of those not employed in official roles in the case. These include a creditor who files an involuntary petition; a creditor that recovers property for the benefit of the estate; a creditor that acts in connection with the prosecution of a criminal offense relating to the case; a creditor, indenture trustee, equity security holder, or voluntary committee of creditors or equity security holders that makes a substantial contribution to a reorganization case; or a superseded custodian. Subsections (b)(4) and (5), like subsection (3), deal with administrative expenses allowable to persons without any official function in the case.[5]

The potential claimants dealt with under subsection (b)(3)(D) are certain non-officers of the estate who make a substantial contribution to a reorganization case. Included in the list is "a committee representing creditors or equity security holders other than a committee appointed under 1102 of this title". This clause is a long-hand expression for a voluntary, unofficial committee. The words "other than a committee appointed under section 1102 of this title" are not words of prohibition but simply part of the definition of an unofficial committee.

This view of the language of § 503(b)(3)(D) is supported by the form of an amendment to § 503(b) which was part of the proposed Technical Amendments Act of 1981. S. 863, 97th Cong., 1st Sess. (1981). Paragraph 9 of § 31 of S. 863 would amend § 503(b)

> by adding at the end thereof the following new paragraph: "(7) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (2) of this subsection, incurred by a committee appointed under section 1102 of this title".

The Senate Report accompanying S. 863 states that "Paragraph (9) makes technical corrections to make clear that the expenses of a creditors' committee in a reorganization case are allowable as administrative expenses." S.Rep. No. 150, 97th Cong., 1st Sess. 13 (1981). Neither S. 863 nor its counterpart H.R. 3705 were enacted into law before the 97th Congress adjourned its final session. The amendment to § 503(b), in the same form set forth above, is also included in the Bankruptcy Court and Federal Judgeship Act of 1983 which was passed by the Senate on April 27, 1983. S. 1013, 98th Cong., 1st Sess. § 642 (1983). Until enacted, a technical amendment is in no way dispositive on the question of the intent of the statute in its present form. The reason I note the proposed technical amendment is because its form is consistent with my view that the words "other than a committee appointed under 1102" are merely part of the phrase forming the definition of an unofficial committee and are not intended to prohibit reimbursement of § 1102 committees' expenses. If the latter were the case the technical amendment would simply delete the words of prohibition.

---

5.  11 U.S.C. § 503(b)(4) and (5) provide:

    (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(f) of this title, including—. . .

    (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant;

    (5) reasonable compensation for services rendered by an indenture trustee in making a substantial contribution in a case under chapter 9 or 11 of this title, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title;

    . . .

It is not surprising that the question of the reimbursement of the expenses of official creditors' committees is not in the Bankruptcy Code. Neither was it addressed in the Bankruptcy Act. It was a matter explicitly addressed by the Bankruptcy Rules.[6]

> Expenses deemed reasonable and necessary by the court incurred by the committee other than for compensation of an attorney, accountant, or other agent or incurred by any selected member of the committee in connection with services performed as a member after the filing of the petition, may also be allowed as an expense of administration after hearing on such notice to such persons as the court may direct, whether or not a plan is confirmed. No member of the committee may be compensated for services rendered by him in the case. Bankruptcy Rule 11–29(c).

The Advisory Committee Note added the following:

> Also new is the provision permitting selected members of the committee to be reimbursed for their expenses incurred while serving on the committee, after selection and the filing of the petition, if those expenses are found by the court to have been both reasonable and necessary. Such reimbursement is similarly discretionary with the court.

The rule, not being inconsistent with any provisions of the Bankruptcy Reform Act, continued to apply to cases filed under the Code until superseded by new rules. Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 405(d). New rules were prescribed under 28 U.S.C. § 2075 and became effective on August 1, 1983. These rules, too, provide for reimbursement of creditor committee members' expenses. Bankruptcy Rule 2016(a) states: "A person seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested . . . ." The Advisory Committee Note to Rule 2016 makes clear that creditor committee members' expenses are included:

> This rule is derived from former Rule 219. Many of the former rule's requirements are, however, set forth in the Code. Section 329 requires disclosure by an attorney of transactions with the debtor, § 330 sets forth the bases for allowing compensation, and § 504 prohibits sharing of compensation. This rule implements those various provisions.
>
> *Subdivision (a)* includes within its provisions a committee, member thereof, agent, attorney or accountant for the committee when compensation or reimbursement of expenses is sought from the estate.

In my view the Bankruptcy Code is silent on the issue and the rules provide for reimbursement, and thus pursuant to § 405(d) the rules apply.[7] *See In re Fireside Office Supply, Inc.,* 17 B.R. 43 (Bkrtcy.D.Minn. 1981).

Additionally, there are compelling policy considerations that are consistent with this result. I share the concern of the *Lyons Machinery* court that prohibiting reimbursement of expenses incurred in the course of performing committee duties may "deter unsecured creditors, who perhaps need to participate most in a Chapter 11 proceeding, from accepting a position on the committee." *In re Lyons Machinery, Inc., supra,* at 602. In the subject case the unsecured debt is substantial[8] and many members of the creditors' committee are located at great distances from the court where the case is pending.[9] Forcing members to finance their participation in a

---

6. See also Bankruptcy Rules 10–215 and 12–28.

7. The first of the two applications which are the subject of this memorandum was filed prior to August 1, 1983. The supplemental application was filed subsequent to August 1, 1983.

8. According to the Schedule of All Debts (Schedule A), revision 1, filed October 26, 1983, the unsecured claims without priority total $130,377,809.

9. See footnote 2.

Chapter 11 case seems particularly unfair when their pocketbook interests have already been damaged because of their business relationship with the debtor. These creditors are already absorbing the costs of the services of their attorneys and high-level corporate personnel who must devote time to the case. Further, the debtor operates in a very specialized industry and the committee members are knowledgeable about the industry and the problems peculiar to it. Finally, under the scheme adopted by the Bankruptcy Reform Act of 1978, i.e., with the bankruptcy judge removed from active participation in the case and the preference for leaving the debtor in possession, a § 1102 committee has a more important role [10] in terms of monitoring the debtor's business life and developing the terms of the plan of reorganization. I do not believe that it is sensible to conclude that Congress mandated a more critical role for official committees and at the same time chose to change the existing rule and bar members from obtaining reimbursement for the expenses incurred in performing their duties.

■ Having concluded that reimbursement of creditors' committee members' expenses is not prohibited as a matter of law, the question remains whether the expenses were actually incurred and were necessary and reasonable in the circumstances. The only expenses which have been questioned on these grounds by any party in interest are those of a "Boston attorney for a Louisiana member of the Committee in connection with the Boston attorney's attendance at a Committee meeting in New Orleans." [11] The Banks questioned why client could not have attended the meeting. It appears the Bank's observation is directed at the requests of Wallace & Wallace Fuel Oil for reimbursement of the expenses incurred by Lewis A. Sassoon, Esq. as its representative at the July 25, 1983 creditors' committee meeting in New Orleans ($826.40) and at an earlier meeting in New Orleans ($673.40). Mr. Sassoon is a member of the law firm of Gargill, Sassoon & Rudolph located in Boston. I do not concur with the Banks' observation. It is sensible and appropriate for a corporate committee member to have a single individual representative perform committee duties. If that representative is located in Boston, expenses will be incurred when the representative must attend meetings in New Orleans. If the representative is located in New Orleans, expenses will be incurred when meetings take place in Boston.

There is, however, a problem with the Wallace & Wallace Fuel Oil request. No documentation has been submitted for any of the expenses claimed. My observation also applies to the request of B & G Crane Service, Inc. for expenses incurred in connection with the meetings of May 19 ($169.75), June 8 and June 23–24 ($880.55), July 25 ($243.53) and August 24–25 ($775.11). Because the committee's application was otherwise carefully prepared I assume this was an oversight and that the missing documents will be filed.

Based upon my own examination of each of the documented requests, I find that the expenses are necessary and reasonable under the circumstances. The eleven creditors for whom reimbursement of expenses is sought are widely dispersed geographically. In a case of this size and complexity the participation of the creditors' committee is essential. There have been nine meetings (some of which were meetings of sub-committees only and did not require the presence of all members) over a seven-month period. Progress can not be had toward formulating a plan that will be accepted by the unsecured creditors absent the participation of creditors knowledgeable about the oil and gas industry. I conclude that the committee members are making a substantial contribution to the case and that their expenses should be allowed and paid as

---

10. *See* 11 U.S.C. § 1109(b) which permits a creditors' committee to "raise and ... appear and be heard on any issue in a case under this chapter."

11. Banks' Objection to Motion and Supplemental Motion of Creditors' Committee for Reimbursement of Expenses, at ¶ 3.

expenses of administration. This allowance will be subject to reconsideration at the time the final fee requests the professional persons employed in the case are considered. In this way the interests of secured creditors and other priority claimants will be protected.

In accordance with the foregoing, it is hereby ORDERED that the debtor is authorized and directed to reimburse expenses to members of the creditors' committee as follows:

| | |
|---|---|
| B & G CRANE SERVICE, INC. | $3,440.58 |
| ALAMO BARGE LINES, INC. | 1,444.36 |
| ETHYL CORPORATION | 791.13 |
| LAGOVEN, S.A. | 2,731.38 |
| BIG THREE INDUSTRIES, INC. | 2,767.27 |
| MID–COAST BARGE | 1,777.11 |
| H & L SUPPLY, INC. | 985.66 |
| STAUFFER CHEMICAL COMPANY | 899.52 |
| GULF–INTRACOASTAL MARINE, INC. | 3,868.25 |
| PPG INDUSTRIES, INC. | 1,843.39 |

The requests for expenses for which supporting documentation was omitted will be considered when the supporting documentation is filed.