**In re TOY & SPORTS WAREHOUSE, INC., et al., Debtors.**

**Bankruptcy Nos. 83 B 20162, 83 B 20215 through 83 B 20224.**

United States Bankruptcy Court, S.D. New York.

April 13, 1984.

Levin & Weintraub & Crames, New York City, for debtors.

Zissu, Berman, Halper, Barron & Gumbinger, New York City, special counsel for debtors and debtors in possession.

Popper & Popper, New York City, for Creditors' Committee.

## DECISION ON APPLICATION FOR REIMBURSEMENT TO INDIVIDUAL MEMBERS OF OFFICIAL CREDITORS' COMMITTEE

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Having reviewed and determined the applications for compensation that were filed in this confirmed Chapter 11 case there remains for consideration the question whether individual members of the official unsecured creditors' committee may be reimbursed for their travel and lodging expenses incurred in attending the various meetings of the committee.

Five members of the official creditors' committee submitted applications for reimbursement of transportation, meals and lodgings (three members required lodgings), for a total of $4,582.23. The meetings of the official creditors' committee occurred in New York City, whereas the committee members travelled from California, Rhode Island, Massachusetts (two) and Connecticut to attend. There is no question that they comprised a very active and involved group of creditors whose participation in this Chapter 11 reorganization produced tangible results. However, the problem stems from the fact that Chapter 11 of the Bankruptcy Code, 11 U.S.C.

§§ 1101–1174, is silent as to the reimbursement of the expenses incurred by individual members of an official unsecured creditors' committee. Pursuant to 11 U.S.C. § 503(b)(3)(D) the Bankruptcy Court may allow as an administrative expense the actual, necessary expenses of "a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under Section 1102 of this title, in making a substantial contribution in a case under Chapter 9 or 11 of this title...." Thus, the creditors' committee referred to in 11 U.S.C. § 503(b)(3)(D) is an unofficial committee of creditors who make "a substantial contribution" to the Chapter 11 case, as distinguished from the official creditors' committee who are appointed under 11 U.S.C. § 1102. *See In re GHR Energy Corp.*, 35 B.R. 539, 541 (Bkrtcy.D. Mass.1983). The official creditors' committee was entitled to reimbursement of their expenses and compensation for attorneys, accountants and other agents employed by them in accordance with the provisions of former Bankruptcy Rule 11–29(c). However, when the Bankruptcy Reform Act of 1978 was adopted, no provision was made for the reimbursement of the expenses of individual members of an official creditors' committee. This situation was described in 3 Norton Bankruptcy Law and Practice § 52.14 (Supp.1983), as follows:

> Under the former Bankruptcy Act, creditor's committee and individual members of such committees were entitled to reimbursement for their reasonable and necessary expenses, as allowed under Bankruptcy Rule 11–29. However, that part of Rule 11–29 which permitted reimbursement of expenses to creditor's committees and individual committee members was not expressly carried forward into 11 USC § 503 which governs the allowance of administrative expenses. Section 503(b)(3)(D) does provide for reimbursement of expenses incurred by "a creditor;" nothing is said about a creditor who is also a member of creditor's committee pursuant to § 1102.

In light of the continued efficacy of former Bankruptcy Rule 11–29(c) in the context of Chapter 11 cases under the Bankruptcy Code, the Bankruptcy Courts were divided on the allowability of reimbursement of the expenses of individual members of the official creditors' committee. Some courts held that such reimbursement was unauthorized because former Rule 11–29(c) conflicts with the Bankruptcy Code and that the remedy must be supplied by Congress. *See In re Interstate Restaurant Systems, Inc.*, 30 B.R. 32, 10 B.C.D. 1442 (Bkrtcy.S.D.Fla.1983); *In re Lyons Machinery Co.*, 28 B.R. 600 (Bkrtcy.E.D. Ark.1983); *In re Major Dynamics, Inc.*, 16 B.R. 279 (Bkrtcy.S.D.Cal.1981). Other courts continued to apply the practice under former Rule 11–29(c) on the theory that active creditor participation should be encouraged and that there was no conflict with the provisions under the Bankruptcy Code. *See In re Pennsylvania Tire & Rubber Co.*, 25 B.R. 18 (Bkrtcy.N.D.Ohio 1982); *Fireside Office Supply, Inc.*, 17 B.R. 43, 8 B.C.D. 202 (Bkrtcy.D.Minn.1981). Another court held that the individual members provided a substantial contribution to the debtor's reorganization and satisfied the requirements of 11 U.S.C. § 503(b)(3)(D). *See In re Grynberg*, 19 B.R. 621 (Bkrtcy.D.Colo.1982).

On August 1, 1983, the new Bankruptcy Rules prescribed under 28 U.S.C. § 2075 became effective. Bankruptcy Rule 2016 is captioned "COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES." This rule provides in part that "[a] person seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." No specific reference is made in Rule 2016 to either an official creditors' committee or to the reimbursement of individual members for their out of pocket expenses. However, the Advisory Committee Note accompanying Rule 2016 states in part:

> Subdivision (a) includes within its provisions *a committee, member thereof,* agent, attorney or accountant for the

committee when compensation or reimbursement of expenses is sought from the estate. (emphasis added)

In *In re GHR Energy Corp.*, 35 B.R. 539 (Bkrtcy.D.Mass.1983), Bankruptcy Judge Paul W. Glennon concluded in a well-reasoned opinion that there are compelling policy reasons for holding that Bankruptcy Rule 2016 authorizes the reimbursement of out of pocket expenses incurred by individual members of an official creditors' committee while attending creditors' meetings, stating:

> In the subject case the unsecured debt is substantial and many members of the creditors' committee are located at great distances from the court where the case is pending. Forcing members to finance their participation in a Chapter 11 case seems particularly unfair when their pocketbook interests have already been damaged because of their business relationship with the debtor. These creditors are already absorbing the costs of the services of their attorneys and high-level corporate personnel who must devote time to the case. Further, the debtor operates in a very specialized industry and the committee members are knowledgeable about the industry and the problems peculiar to it. Finally, under the scheme adopted by the Bankruptcy Reform Act of 1978, i.e., with the bankruptcy judge removed from active participation in the case and the preference for leaving the debtor in possession, a § 1102 committee has a more important role in terms of monitoring the debtor's business life and developing the terms of the plan of reorganization. I do not believe that it is sensible to conclude that Congress mandated a more critical role for official committees and at the same time chose to change the existing rule and bar members from obtaining reimbursement for the expenses incurred in performing their duties.

35 B.R. at 542–43 (footnotes omitted).

Manifestly, it is important that creditors be encouraged to participate in the reorganization process, since the Bankruptcy Code is so structured as to contemplate negotiations and give and take between the debtor and the creditors. It is in this context that knowledgeable creditors should take an active role in determining the course that the reorganization case should take, including an investigation and examination into the conduct of the debtor's affairs and the negotiations necessary for the confirmation of the debtor's plan of reorganization. Such participation by individual creditors as members of an official creditors' committee should not be chilled by requiring them to finance their travel and out of pocket expenses incurred in attending official creditors' committee meetings. Such costs are palpably necessary and a part of the recoverable administrative expenses contemplated under the Bankruptcy Code and Rules.

In the instant case, I find that all of the out of pocket expenses incurred by the five individual members of the official creditors' committee for attending the scheduled committee meetings, namely the total sum of $4,582.23, were reasonable and were properly incurred. Hence, they will be allowed.

SUBMIT ORDER on notice.