### In re GLOBAL INTERNATIONAL AIRWAYS CORPORATION, Debtor.

**Bankruptcy No. 83–02765–2–11.**

United States Bankruptcy Court,
W.D. Missouri.

Dec. 28, 1984.

See also Bkrtcy., 35 B.R. 881.

Ronald S. Weiss, Kansas City, Mo., for creditors committee.

Alex Lewandowski, Kansas City, Mo., for debtor.

### MEMORANDUM OPINION
### AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

The unsecured creditors committee has made an application for reimbursement of expenses incurred for attendance at a meeting of the committee in Washington, D.C. Section 1102 of the Code directs the court to appoint such a committee. Its duties are specified in Section 1103 of the Code. The committee is authorized to employ professionals, Section 1103(a), to perform services. The statutory scheme contemplates that the committee will take an active role in the reorganization process.

There is no language in Section 1102 or 1103 providing compensation or reimbursement of expenses to members of the creditors committee. Compensation for professionals retained by the committee is authorized under Sections 328(a) and 330(a) of the Code. But again there is no mention of compensation or reimbursement of expenses for members of the committee in those sections.

Under the Bankruptcy Act expenses of the creditors committee could be charged

against the estate, Chapter X, Rule 10–215(c)(1)(B); Chapter XII, Rule 12–28(b); Chapter XI, Rule 11–29(c), Rules of Bankruptcy Procedure, even though the court was authorized to appoint such a committee only in Chapter XI cases. In the other chapters the committees were voluntary efforts.

Chapter 11 of the Code follows the pattern of Chapter XI of the Act in that creditors committees are appointed by the court. A committee of creditors holding unsecured claims must be appointed; other committees may be appointed on request of a party in interest. Section 1102(a)(2) of the Code. Under Chapter XI of the Act, the "[e]xpenses of the committee, including compensation for attorneys ... shall be allowed in the event of confirmation as an expense of administration to the extent deemed reasonable and necessary by the court, and may be allowed when there is no confirmation". Rule 11–29(c). It is apparent that, absent confirmation, allowance of such expenses as claims of administration is addressed to the sound discretion of the bankruptcy court. *In re Botany Industries, Inc.*, 403 F.Supp. 234 (D.C.E.D.Pa. 1975).

There is neither statute nor rule which carries over to practice under the Code provisions of Rule 11–29(c). But Section 503(b)(1)(A) authorizes the allowance, as an administrative expense, "the actual, necessary costs and expenses of preserving the estate ...". In addition, Section 503(b)(3)(D) permits the allowance, as an administrative claim, of "the actual, necessary expenses ... incurred by ... a committee representing creditors ... other than a committee appointed under Section 1102 of this title, in making a substantial contribution in a case under chapter ... 11 of this title ...".

Discussing the appointment and duties of committees in Chapter 11 cases, House Report No. 595, U.S.Code Cong. & Admin. News 1978, p. 5787 notes that:

"This section [Section 1102] provides for the appointment of creditors' ... committees, which will be the primary negotiating bodies for the formulation of the plan of reorganization. They will represent the various classes of creditors ... from which they are selected. They will also provide supervision of the debtor in possession ... and will protect their constituents' interests".

. . . . .

"Subsection (c) [of Section 1103] lists a committee's functions in a Chapter 11 case. The committee may consult with the ... debtor in possession concerning the administration of the case, may investigate the ... financial condition of the debtor, the operation of the debtor's business, and the desirability of the continuance of the business .... The committee may participate in the formulation of a plan ... These will be its most important functions".

House Report No. 95–595, 95th Cong., 1st Session, 401–402 (1977), U.S.Code Cong. & Admin.News 1978, pp. 6357–6358, reprinted in App. 2 Collier on Bankruptcy (15th Ed.) Comments in the Senate Report are not illuminating.

Recently, in *Matter of UNR Industries, Inc.*, 736 F.2d 1136 (7th Cir.1984), the court denied reimbursement of certain expenses incurred by some members of the creditors' committee. As set out in the court's opinion, the expenses for which reimbursement was sought arose from efforts of two members of the committee to discover the precise nature of the relationship between debtor and a purported lessor. Translators, interpreters and court reporters were retained at a cost of about $36,000. Reimbursement was sought under Section 330 of the Code.

The record in *UNR* seems to suggest that the costs were incurred by individual committee members who hired professional persons rather than by professionals employed by the committee. The court rejected the argument that the language of Section 330 can be read to authorize reimbursement of expenses incurred by committee members. That section authorizes compensation "to a professional person employed under section ... 1103 of this title

...". Under Section 1103 the committee may retain professional persons with the court's approval; there is no authority for individual members of the committee to hire professional persons.

The result in *UNR* then can be explained and distinguished from the usual instance where the committee incurs expenses and seeks reimbursement for efforts of the committee to perform its statutory obligations. First the record in *UNR*, as the court notes, is inadequate to demonstrate that these expenses were incurred by the committee acting as a committee rather than by members, to use agency language, "on a frolic of their own". Second, the plain language of Section 330 supports the result.

Some courts have denied reimbursement for expenses incurred by members of the creditors' committee. *In re Lyons Machinery Co., Inc.*, 28 B.R. 600 (Bkrtcy.E.D. Ark.1983); *In re Farm Bureau Services, Inc.*, 32 BR 69 (Bkrtcy.E.D.Mich.1982). In both those cases the courts held that the committee must show substantial contribution to the reorganization before reimbursement would be allowed. Both appear to rely on the language of Section 503(b)(3)(D) but the plain language of that section refers to a committee not appointed under Section 1102.

*In re Grynberg*, 19 B.R. 621 (Bkrtcy.Col. 1982) the court allowed reimbursement to individual creditors, distinguishing the language of Section 503(b)(3)(D) as applying only to the requests of the committee itself. But the court reads Section 503(b)(3)(D) as barring the reimbursement of expenses of the official committee as a committee.

Relying upon the fact that former bankruptcy rules remained in effect unless inconsistent with the Code, the court in *In re Fireside Office Supply, Inc.*, 17 B.R. 43 (Bkrtcy.Minn.1981) held that committee members could be reimbursed for actual and necessary expenses which contributed to the success of the reorganization. That holding is no longer helpful in that new rules have been adopted.

Rule 2016, Rules of Bankruptcy Procedure, effective August 1, 1983, provides for reimbursement of expenses. The Advisory Committee note to the Rule states that the procedure contemplates applications by a committee. Reading the history and statutory language, in light of Rule 2016, two courts have held that expenses incurred by individual members of an official creditors' committee may be reimbursed, if shown to be actual and necessary. *In re GHR Energy Corp.*, 35 B.R. 539 (Bkrtcy.Mass.1983); *In re Toy & Sports Warehouse, Inc.*, 38 B.R. 646 (Bkrtcy.S.D.N.Y.1984). In both of those cases the court allowed reimbursement as supportive of the statutory policy encouraging active participation of the committees in the reorganization process.

Prior to enactment of the Code and new rules it was clear that expenses incurred by the creditors' committee in a Chapter 11 reorganization would be allowed as administrative expenses. Even after enactment of the Code, and before the new rules became effective, expenses of the committee appointed under Section 1102 could be reimbursed, relying upon the application of Rule 11-29. Promulgation of the new rules without language mirroring Rule 11-29 suggests a gap. But it is also apparent that there is no evidence of an intention not to allow reimbursement of the expenses incurred by committees appointed under Section 1102. See an exchange between Senators DeConcini and Dole recorded in Part II of the Congressional Record, Friday, October 5, 1984, at p. S-13772 which went as follows:

"Sen. DeConcini: On another matter confusion has arisen concerning the payment of necessary expenses incurred by a creditors' committee appointed under Section 1102. Although there is not a specific provision providing for this type of expense in the Code, this has long been the practice and the obvious equitable thing to do. Would you agree that this type of expense should be paid and that nothing in the recently enacted Bankruptcy Amendments and Federal

Judgeship Act would suggest a different construction?

Sen. Dole: I absolutely agree. It is essential for the orderly and professional administration of bankruptcy cases, that creditors and creditors' committees that incur reasonable and necessary expenses in their service on creditors' committees be reimbursed. Nothing in BAFJA was meant to change the well-settled practice of paying necessary expenses of creditors while serving on creditors' committees".

This exchange, while sentimentally helpful, does not resolve the problem because Senator DeConcini's question is not broad enough. The problem about paying these expenses did not arise with the 1984 amendments; it came into being with the enactment of the Bankruptcy Reform Act (the Code) and was compounded by adoption of the new rules. See Tatelbaum & Wannamaker, "Reimbursement of Creditors' Committee Expenses in Chapter 11–A Thing of the Past?", 89 Commercial Law Journal # 9, p. 518 (Nov. 1984). In the Code Congress imposed heavy duties upon the committee of unsecured creditors. Having taken the court out of administration, the Congress had to have an expectation that the committee would participate in the reorganization process. Otherwise, no one would represent the unsecured creditors who, having already invested without recourse in the debtor, would be unlikely to continue to do so unless assured that continued efforts would not be at their own expense and thus represent additional investment for which there was little hope of recovery. Report of the Commission on the Bankruptcy Laws of the United States, H.R.Doc. No. 93–137, 93d Cong. 1st Sess., pt. I 103–117, reprinted in App. 2 Collier on Bankruptcy (15th Ed.); 1 Collier on Bankruptcy Paragraph 6.01 (15th Ed.); House Report No. 95–595, supra, 3–4, 96–100, 104–105, 235–236.

This Court concludes, therefore, that the expenses of the committees appointed under Section 1102, if actually incurred and necessary to performance of committee duties, may be allowed as administrative expenses under Section 503(b)(1)(A). The statutory duties imposed upon the committee presume that such activities are essential to the preservation of the estate. In addition, the application for reimbursement is addressed to the sound discretion of the trial court so that abuse may be checked.

In light of this analysis the historical continuity of the allowance of such expenses as administrative claims is preserved. The silence of the Congress on the issue is also explained. The provisions of Section 503(b)(3)(D) also fall into place as language enlarging those parties who may be reimbursed if they make "a substantial contribution in a case under chapter ... 11". There is nothing in Section 503(b)(3)(D) that compels the reading that it bars reimbursement to appointed committees. Rather this reading establishes a two tier test: one for official committees and another for volunteer committees in terms of qualifying for reimbursement. An official committee is reimbursed if it performs its statutory duties. A volunteer committee is reimbursed if it makes a substantial contribution.

The application for reimbursement of expenses by the creditors' committee is SUSTAINED. The Court has examined the application in its obligation to exercise sound discretion and in view of the fact that there is no precise statutory standard for reimbursement. *In re Erewhon Inc.*, 21 B.R. 79, 9 BCD 288 (Bkrtcy.Mass.1982); *In re Global Intern. Airways Corp.*, 38 B.R. 440 (Bkrtcy.W.D.Mo.1984). The Court notes that Mr. Savadi's air travel in part was first class. In the absence of compelling circumstances, the Court allows only coach reimbursement. There appears to be no such circumstances here. That application is reduced by $50.00. There are also two charges on his hotel bill which are unexplained and DISALLOWED. The Court recognizes that Washington Hotels are expensive but finds that $100 per day is sufficient reimbursement for such expenditures. Accomodations are available at that price. Economy to the estate, while no

longer a statutory mandated criterion, still must be considered where there is no other impediment to charges made against the estate.

The application is ALLOWED as follows:

| | | |
|---|---|---|
| 1. | Gerald S. Sarvadi | $635.04 |
| 2. | John Couch | $172.50 |
| 3. | Steve Taylor | $137.00 |
| 4. | John R. Konz | $455.87 |
| | Total | $1400.41 |