**In re WINDSOR COMMUNICATIONS GROUP, INC., t/a Norcross-Rust Craft Greeting Card Publishers, Debtor.**

**Bankruptcy No. 82–03714K.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 31, 1985.

Edward C. Toole, Jr., Philadelphia, Pa., and Michael Crames, New York City, for debtor.

Morton Newman, Philadelphia, Pa., for Sec. Pacific Credit, Inc.

Robert H. Kauffman, Reading, Pa., for Hamilton Bank.

Charles C. Coyne, Philadelphia, Pa., for Shareholders.

L.J. Lichtenstein and Marvin Krasny, Philadelphia, Pa., for Creditors' Committee.

Rudolph J. DiMassa, Philadelphia, Pa., for F.W. Woolworth Co.

Robert Kargen, Blue Bell, Pa., and White & Williams, Philadelphia, Pa., for Ziff Corp.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Windsor Communications Group, Inc. ("Windsor") is the debtor-in-possession in this case under Chapter 11 of the Bankruptcy Code ("Code"). The Court appointed an Official Creditors' Committee ("Com-mittee"), pursuant to 11 U.S.C. § 1102, on September 21, 1982.

Pending before the Court is the Application of five (5) members [1] of the Committee for reimbursement of their out-of-pocket travel expenses. The Application states that:

".... In the course of their duties as members of the Official Creditors' Committee, applicants incurred various actual and necessary expenses for which they seek reimbursement pursuant to Bankruptcy Code § 503(b)(3)(D). Each applicant is located outside the City of Philadelphia and has incurred travel-related expenses to attend numerous meetings of the ... Committee and, in addition, in the case of John Saurbaugh, of Harbor Industries, Inc. to attend the negotiations and closing in Toronto, Canada, of the sale of Canadian assets."

Section 503(b)(3)(D) of the Code provides:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

\* \* \* \* \* \*

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

(D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders *other than a committee appointed under section 1102 of this title,* in making a substantial contribution in a case under chapter 9 or 11 of this title.

11 U.S.C. § 503(b)(3)(D) (emphasis added).

Under the Bankruptcy Act of 1898 ("Act"), the expenses of a creditors' committee could be recovered from the estate (under Rule 10–215(c)(1)(B) in Chapter X cases, under Rule 12–28(b) in Chapter XII cases, and under Rule 11–29(c) of the Rules

---

1. The five (5) members of the Committee who seek reimbursement of expenses are Harbor Industries, Inc., ALCO Standard Corp., Ziff-Davis Publishing Co., Hammermill Paper Co., and Boston Envelope Co.

of Bankruptcy Procedure in Chapter XI cases), although the Court was authorized to appoint such a committee only in Chapter XI cases. However, there is no express provision in the Code, or in the Rules promulgated to implement the Code, which provides for reimbursement of the expenses of a member of a creditors' committee appointed in accordance with section 1102. Compensation for professionals who are retained by the committee and duly appointed by the Court is authorized under 11 U.S.C. §§ 328(a) and 330(a), but these sections do not address compensation or reimbursement of expenses for the *members* of a committee.

Bankruptcy courts are presently divided over the question of whether section 503(b)(3)(D) authorizes reimbursement of expenses to a creditor, when that creditor is also a member of a creditors' committee appointed under section 1102. *See 8 Attorney Fee Awards Reporter* (Harcourt, Brace, Jovanovich) 23 (April 1985). The source of the controversy is the phrase "other than a committee appointed under section 1102". Some courts have held that this is an exclusionary clause which prohibits the use of estate funds to reimburse the expenses of a committee, or its members, appointed under the statute. *See e.g., In re Major Dynamics, Inc.*, 16 B.R. 279 (Bankr.S.D.Cal.1981). *See also 3 Collier on Bankruptcy* ¶ 503.04, 503.30 (15th ed. 1985).

In *Major Dynamics*, the Court observed that creditors' committees, as well as individual members of a committee, could recover reasonable and necessary expenses in pre-Code cases under Rule 11–29(c). However, because there is no similar provision in the Code, the Court disallowed the request for reimbursement (although the result might discourage creditor participation on committees). "The remedy must be supplied by Congress and not by judicial fiat". *Id.* at 280. *See also In re Interstate Restaurant Systems, Inc.*, 32 B.R. 103 (Bankr.S.D.Fla.1983) and *In re Lyons Machinery Co., Inc.*, 28 B.R. 600 (Bankr.E.D.Ark.1983).

Many courts have struggled to overcome the literal effect of the phrase "other than a committee appointed under section 1102" in order to allow reimbursement of expenses to individual members of a creditors' committee. In the case of *In re Grynberg*, 19 B.R. 621 (Bankr.D.Colo. 1982), the Court allowed reimbursement to individual creditors by interpreting the exclusionary language in section 503(b)(3)(D) as applying only to requests from the committee itself, and upon finding that these creditors had personally made a substantial contribution to the case.

The courts in *In re Pennsylvania Tire & Rubber Co.*, 25 B.R. 18 (Bankr.N.D.Ohio 1982) and *In re Fireside Office Supply, Inc.*, 17 B.R. 43 (Bankr.D.Minn.1981) allowed reimbursement of expenses to committee members under the rationale that the former Rules of Bankruptcy Procedure, including Rule 11–29(c), remained in effect until August 1, 1983, when the new Rules became effective, unless inconsistent with the Code. These Courts found no inconsistency between Rule 11–29(c) and § 503 of the Code.

In the case of *In re Farm Bureau Services, Inc.*, 32 B.R. 69 (Bankr.E.D.Mich. 1982), the Court held that individual members of a committee would be entitled to reimbursement of expenses from the estate, if they were able to demonstrate a substantial contribution to the case. However, the Court denied the request for reimbursement because the expenses were incurred in travelling to and from committee meetings, and no substantial contribution was shown. The Court stated:

> ... it appears to this court that the present state of the law requires that committee members must do more than faithfully attend meetings and contribute thoughts and opinions in order to recover expenses. If work is done above and beyond this level which amounts to special assignments and activity not done by ordinary members, then expenses of such activities may be reimbursed.

*Id.* at 71.

The new Bankruptcy Rules became effective on August 1, 1983. Rule 2016(a) provides a procedure for obtaining court approval of requests for compensation and reimbursement of expenses. The Advisory Committee Note to Rule 2016(a) states that the Rule includes within its provisions a committee, *member thereof*, agent, attorney or accountant for the committee when compensation or reimbursement of expenses is sought from the estate. Two (2) courts have held that expenses incurred by individual members of a creditors' committee may be reimbursed, if shown to be actual and necessary, in light of Rule 2016(a) and the Advisory Committee Note. *See In re Toy & Sports Warehouse, Inc.*, 38 B.R. 646 (Bankr.S.D.N.Y.1984); *In re GHR Energy Corp.*, 35 B.R. 539 (Bankr. Mass.1983). In both of these cases, reimbursement was allowed as supportive of the policy of encouraging active committee participation in the reorganization process. In *GHR Energy*, the Court circumvented the exclusionary effect of the phrase "other than a committee appointed under section 1102" by stating:

This clause is a long-handed expression for a voluntary, unofficial committee. The words.... are not words of prohibition but simply part of the definition of an unofficial committee.

35 B.R. at 542; *accord In re Malden Mills, Inc.*, 42 B.R. 476 (Bankr.D.Mass.1984).

Other notable decisions addressing the issue of whether members of an official creditors' committee may be reimbursed for their expenses have focused on Congressional intent. *See In re Labine*, 42 B.R. 883 (Bankr.E.D.Mich.1984) and *In re Global International Airways*, 45 B.R. 258 (Bankr.W.D.Mo.1984).

In a relaxation of the "substantial contribution" standard, the Court in *Labine* granted the application of various creditors, who were members of the official creditors' committee, for reimbursement of their out-of-pocket expenses relating to the performance of their duties as part of the committee. The Court points out that Congress inadvertently omitted from the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, a new subparagraph to section 503(b), which would have expressly provided for reimbursement of the actual, necessary expenses of a committee:

Section 503 of the Code now ends with a semi-colon and the word "and", as in its haste, the Congress, the government printer, or a clerk, neglected to include the paragraph which was obviously intended to follow the "and" at the end of paragraph (6) of § 503(b). The paragraph omitted—this new "inadvertent defect," *In re UNR Industries, Inc.*, [736 F.2d 1136], 11 B.C.D. [1324] at 1327 [ (1984) ]—was the paragraph contained in each prior version of the proposed bankruptcy amendment which would have added expenses of official committees to the itemized list of allowable administrative expenses.

It is by now abundantly clear that Congress has been continually frustrated in effectuating its abiding intent to include such a provision expressly into the text of the code as a separate species of allowable administrative expenses. Its purpose can only be to clearly show that it means for official committees to be reimbursed for their expenses on a basis other than a showing of "substantial contribution to the case", for if that is all it meant to do all it had to do was delete the exclusionary clause from § 503(b)(3)(D). *See In re GHR Energy Corp., supra* at 541. All things considered, it is this Court's opinion that the most recent Congress' aborted attempt to explicitly include committee expenses as allowable administrative expenses is merely a clarification of what it believed the state of the law was when the code was enacted. Specifically, Congress assumed that the word "including" in § 503(b) allowed courts to continue to use their discretion and/or to continue their former practice in this regard. By so reading Congressional intent, the Court is able to implement the salutary policy objective of encouraging active

participation of official committees in the administration of Chapter 11 cases.

42 B.R. at 887.

An alternative approach was followed by the Court in *Global International* in an effort to find a statutory basis for allowing members of a committee to be reimbursed for their expenses. After examining recent caselaw under section 503(b)(3)(D), the Court concluded that there is no evidence of Congressional intent to bar reimbursement of expenses incurred by committees appointed under section 1102 of the Code:

> (t)here is nothing in Section 503(b)(3)(D) that compels the reading that it bars reimbursement to appointed committees. Rather this reading establishes a two tier test: one for official committees and another for volunteer committees in terms of qualifying for reimbursement. An official committee is reimbursed if it performs its statutory duties. A volunteer committee is reimbursed if it makes a substantial contribution.

45 B.R. at 261.

However, the Court allowed reimbursement not under section 503(b)(3)(D), but under section 503(b)(1)(A), which provides as follows:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

11 U.S.C. § 503(b)(1)(A).

The Court stated:

> This Court concludes, therefore, that the expenses of the committees appointed under Section 1102, if actually incurred and necessary to performance of committee duties, may be allowed as administrative expenses under Section 503(b)(1)(A).

The statutory duties imposed upon the committee presume that such activities are essential to the preservation of the estate. In addition, the application for reimbursement is addressed to the sound discretion of the trial court so that abuse may be checked.[2]

45 B.R. at 261.

Having reviewed the decisional law, including the most recent developments, on the issue of whether members of a committee are entitled to reimbursement for their expenses, we note that the decisions fall into three (3) principal categories: (1) those cases holding that members of a committee appointed under § 1102 may not be reimbursed for their expenses because of the so-called "exclusionary clause" in § 503(b)(3)(D); (2) those cases holding that members of a committee appointed under § 1102 may be reimbursed for their expenses only if they made a substantial contribution to a case; and (3) those cases holding that members of a statutorily appointed committee may be reimbursed for expenses incurred in attending regular committee meetings and in otherwise performing their duties as part of the committee. We are now faced with the difficult task of ruling on the instant Application.

■ The Application before the Court was prepared and filed by Mesirov, Cramer, Jaffe, Cramer & Jamieson, Co-counsel for the Official Creditors' Committee, on behalf of five (5) members of the Committee. We reviewed the Application when it was initially filed and directed counsel to amend the application and show the "substantial contribution" made by the five (5) applicants to this case. An Amended Application was filed, listing the activities which allegedly constitute the "substantial contribution" made by these applicants. However, it is readily apparent from review of the Amended Application that the expenses were incurred while the members were performing their duties as part of the Committee, in accordance with the statuto-

**2.** The Court allowed only coach class reimbursement for air travel, rather than first class, and found that $100.00 per day for accomodations in Washington, D.C. was sufficient. The Court also disallowed two (2) charges on a hotel bill which were unexplained.

rily mandated function of the Committee.[3] The activities described include: (1) attendance at regularly scheduled meetings of the Committee; (2) communications by the Chairman of the Committee to other committee members; (3) the arranging and convening of committee meetings by the Chairman and the preparation of a report; (4) review of financial information and (5) travel by one (1) committee member to Canada to observe the debtor's negotiations with prospective purchasers of the debtor's Canadian assets. There is no information in the Amended Application which would lead the Court to conclude that a substantial contribution has been made to the reorganization effort by any of these activities. We do not agree with those cases holding that members of a creditors' committee may receive reimbursement from the estate for their out-of-pocket expenses relating to the performance of their duties as part of the committee. Certainly, Congress could have envisioned that acceptance of a position on a creditors' committee by a creditor located some distance from the debtor's place of business would entail travel expenses. However, the Code does not contain a provision for reimbursement of such expenses. To add a new layer of administrative expense to each Chapter 11 case in which a creditors' committee has been appointed, without express Congressional authorization, would appear to be improvident.

It has long been the general rule in bankruptcy cases that creditors bear their own costs when seeking to collect on a debt owed by a bankrupt individual or corporation. Legal services which are provided solely for a client-as-creditor, such as those rendered in prosecuting a creditor's claim, are not compensable from the estate. *In re Richton International Corp.*, 15 B.R. 854, 856 (Bankr.S.D.N.Y.1981). The cost of litigating a relief from stay motion, for example, is only reimbursable from estate funds if the loan agreement with the debtor expressly provides that collection costs, including attorneys' fees, shall become part of the oversecured creditor's claim. 11 U.S.C. § 506(b). In effect, it is in the creditor's best interest to generally assist and foster its position, which is little different than a party to an ordinary law suit contributing time and assistance to counsel, which expenses cannot be compensated. *Farm Bureau Services, Inc., supra*, 32 B.R. at 71.

We find support for our position in the decision of the United States District Court for the Eastern District of Pennsylvania in the Penn Central Transportation Company case. In that case, the District Court considered whether five (5) of the more active creditor participants in the reorganization were entitled to reimbursement of their attorneys' fees under section 77(c)(12) of the Bankruptcy Act.[4] The Penn Central Court found that in order to be eligible for reimbursement of attorneys' fees under § 77(c)(12), the creditors who were seeking reimbursement had to demonstrate that their activities were beneficial to the estate and not undertaken solely for the private interests of the creditor.

---

**3.** Section 1103 of the Code defines the powers and duties of a committee appointed under section 1102. A committee may (1) consult with the trustee or debtor in possession concerning the administration of the case; (2) investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan; (3) participate in the formulation of a plan ...; (4) request the appointment of a trustee or examiner under section 1104 ...; and (5) perform such other services as are in the interest of those represented. 11 U.S.C. § 1103(c)(1)–(5).

**4.** Section 77(c)(12) of the former Bankruptcy Act provided:

> (T)he judge may make an allowance, to be paid out of the debtor's estate, for the actual and reasonable expenses (including reasonable attorneys' fees) incurred in connection with the proceedings and the plan by parties in interest ...

This provision is analogous to section 503(b)(4) of the Bankruptcy Code which allows reasonable compensation for professional services rendered by an attorney or an accountant to an entity whose expenses are allowable under section 503(b)(3). *See* 5 *Attorney Fee Awards Reporter* (Harcourt, Brace, Jovanovich) 18 (October 1982) for a discussion of the *Penn Central* case.

The Court stated:

> In determining whether particular activities for which reimbursement is sought can properly be characterized as having benefitted the estate, the Court is faced, not with applying a litmus-like test, but with exercising a prudent and realistic judgment. Each reorganization must be viewed in its totality, and each applicant's efforts must be assessed in the context of the entire reorganization process. As stated by the SEC in its comments (Doc. No. 16669, at p. 5):
>
> > "[A]ctivities or services which are found to be solely, or primarily, in the interests of certain creditors or stockholders and in no way beneficial to the administration of the estate or to a fair and equitable and feasible plan were not intended to be compensated or reimbursed from the debtor's estate."
>
> To put the matter succinctly, costs associated with activities helpful to the reorganization process are reimbursable but costs associated with advancing a party's own interests are not. This distinction is easily stated, but not always easily applied, as the discussion of individual applications later in this Opinion demonstrates.
>
> Of course, achieving a reorganization is in the interests of all creditors, and every party to the proceeding was undoubtedly motivated by self-interest in pursuing that goal. The distinction to be made is between activities undertaken solely for the private interest of the creditor, and activities which, while beneficial to the private interest of the creditor, also benefitted the reorganization process.

*In re Penn Central Transportation Company,* 23 B.R. 499, 500. (E.D.Pa.1982).

 In summary, there was a distinction under the Act between two (2) types of creditor activities. A creditor was not entitled to be reimbursed from the estate for expenses incurred in the course of pursuing his claim against the estate. However, if a creditor's activities conferred a benefit upon the estate as a whole, then that creditor would be entitled to reimbursement of his expenses from the estate. We believe that this distinction is still viable under the Code. Under the present statute, service on a creditors' committee is a matter of choice. A creditor may accept or decline appointment to the committee. There is no express provision in the Code which states that a member of a committee shall be reimbursed for his expenses. We believe that, in most cases, creditors accept a position on the committee with the understanding that they must bear their own expenses. Until Congress amends title 11 to provide otherwise, we will not allow members of a creditors' committee to be reimbursed from estate funds without a showing of the benefit derived by the estate from their activities. To depart from this common sense rule would invite a new layer of additional expense to the already burgeoning costs of administering a Chapter 11 case. In order to receive reimbursement from the estate, members of a committee must do more than oversee and observe the debtor's activities. They must *actively* participate in the reorganization process in a manner which is not duplicative of the work of counsel for the creditors' committee or other counsel in the case. Since we do not find that a substantial contribution has been shown by the five (5) applicants who filed the instant Application, the Application will be denied.