In re NATIONAL ENTERPRISES, INC., f/k/a National Homes Corporation, f/k/a National Construction Services, a/k/a National Building Systems, Debtor.

Bankruptcy No. 90–33935–S.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

May 4, 1992.

William H. Schwarzschild, III, James J. Burns, Williams, Mullen, Christian & Dobbins, Richmond, Va., for debtor.

James M. Nolan, Mays & Valentine, Richmond, Va., for unsecured creditor.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This cause comes before the Court on the April 24, 1991 motion by the committee representing the unsecured creditors of

National Enterprises, Inc., appointed pursuant to 11 U.S.C. § 1102, seeking reimbursement of expenses incurred by members of the committee in connection with attendance at official committee meetings.

## FINDINGS OF FACT

National Enterprises, Inc., ("NEI" or "debtor") filed a petition under Chapter 11 of the Bankruptcy Code on December 10, 1990. Thereafter, pursuant to 11 U.S.C. § 1102,[1] the United States Trustee appointed a committee to represent the general unsecured creditors of the debtor. In connection with attendance at official committee meetings, the three committee members seeking reimbursement incurred expenses consisting of transportation, hotel and related costs. The application for reimbursement filed by these three committee members dub these expenses "actual and necessary". Whether or not authority exists for the reimbursement of these expenses as an administrative expense is the subject of the matter before this Court.

The members of the committee seeking compensation, the creditor represented and the amounts of compensation sought are as follows:

(1) Mr. Dennis J. Johnson, Metropolitan Lumber Company, $697.10.

(2) Mr. Richard Esselstein, Forest Products Group, Inc. $439.00.

(3) Ms. Jane W. Riley, United States Trust Company of New York, $1,289.21.

The expenses sought total $2,425.31.

## CONCLUSIONS OF LAW

The issue before the Court is whether the members of the committee representing the general, unsecured creditors of the debtor, appointed pursuant to 11 U.S.C. § 1102, may receive reimbursement for travel, hotel and related costs incurred in connection with attendance at official committee meetings.

---

1. 11 U.S.C. § 1102(a)(1) states, in pertinent part: "As soon as practicable after the order for relief under Chapter 11 of this title the United States Trustee shall appoint a committee of creditors holding unsecured claims.

No explicit authority exists under the current Bankruptcy Code and Rules for the payment of the expenses of an official creditors committee. However, the current code does provide for the payment of the actual and necessary expenses of a committee representing creditors which has not been appointed pursuant to 11 U.S.C. § 1102.

11 U.S.C. § 503 provides, in relevant part:

§ 503(b) After notice and a hearing, there shall be allowed administrative expenses ... including:

(3) the actual, necessary expenses, ... incurred by,

(D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under § 1102 of this title, in making a substantial contribution in a case under Chapter 9 or 11 of this title ...

This statute and its failure to provide for the payment of an official committee's expenses creates the anomalous situation in which a committee composed of volunteers can receive reimbursement for their expenses, while a statutorily appointed committee cannot. This result has caused many courts to consider the same issue that is before this Court and has further lead to a wide divergence of opinion and reasoning on the subject. Compare *In re Windsor Communication Group, Inc.*, 54 B.R. 504 (Bankr.E.D.Pa.1985) (allowing the payment of official committee expenses based on proposed amendments to the Bankruptcy Code) with *In re Air Haiti*, 46 B.R. 539 (Bankr.S.D.Fla.1985) (reading § 503(b)(3)(D) as prohibiting allowance of official committee expenses). This Court finds that no explicit authority can be found in § 503(b)(3)(D) for the payment of official committee expenses.

The Sixth Circuit Court of Appeals has considered the issue in *In re The George Worthington Co.*, 921 F.2d 626 (6th Cir. 1990). The bankruptcy court in *Worthington* denied the official committee's application for reimbursement of expenses and on appeal, the district court confirmed the denial. In its initial consideration of the case, the Court of Appeals affirmed the district court. *In re The George Worthington Co.*, 913 F.2d 316 (6th Cir.1990). Upon a rehearing pursuant to a Rule 40 motion under the Rules of Appellate Procedure, the Court of Appeals vacated its original decision and entered an opinion allowing the reimbursement of the official creditor's committee's expenses. *Worthington*, 921 F.2d at 634.

In its opinion allowing the payment of the official committee's expenses, the Sixth Circuit Court of Appeals noted that several bankruptcy courts have allowed such payments based upon proposed amendments to the Bankruptcy Code. *In re Worthington*, 921 F.2d at 630; see e.g. *In re Windsor Communications Group, Inc.*, *supra.* These courts have based their conclusions upon a finding that Congress has always intended to allow the expenses of a statutory creditors committee to be paid, in spite of the fact that no express provision to that effect exists in the current Bankruptcy Code or Rules. This Court notes that in the 1981 and 1984 proposed amendments to the Bankruptcy Code, there were indications of an intent on the part of Congress to provide for the payment of the expenses of an official creditors committee, yet no provisions providing such payment were enacted. See *Worthington*, 921 F.2d at 630; Bankruptcy Amendments and Federal Judgeship Act of 1984, § 446(7) 98 Stat. 333, 374 (1984). In noting these proposed amendments, this Court declines to follow that portion of the Sixth Circuit's opinion in *Worthington* and other courts which rely on the Congressional intent evidenced by these attempted amendments as authority for allowing the reimbursement of an official committee's expenses. *Worthington* at 631.

Having failed to find authority for the payment of the official in both 11 U.S.C. § 503(b)(3)(D) and the proposed amendments to the Code, this Court turns to 11 U.S.C. § 503(b)(1)(A). That section provides, in pertinent part:

§ 503 Allowance of Administrative Expenses

(b) after notice and a hearing, there shall be allowed administrative expenses ... including:—

(1)(A) the actual, necessary costs of preserving the estate, ...

In *In re J.E. Jennings*, 96 B.R. 500 (E.D.Pa.1989), relied upon by the Sixth Circuit in its *Worthington* opinion allowing the payment of official committee expenses, the United States District Court for the Eastern District of Pennsylvania considered the issue of "whether Section 503 permits a bankruptcy court to allow, as administrative expenses, the actual and necessary costs associated with the activities of an official committee and its secretary." *Jennings, supra.* The District Court in *Jennings* was faced with an appeal from a final order of the bankruptcy court denying reimbursement of the expenses of a creditor's committee appointed under Section 1102. The bankruptcy court held that the bankruptcy code did not authorize expenses of the committee's members or of the committees secretaries. *Id.* On appeal, the District Court allowed the expenses to be reimbursed under Section 503 if the expenses were incurred "in furtherance of the authorized business and mission" of the committee. *Jennings,* 96 B.R. at 504, quoting for *In re Evans Products Co.,* 62 B.R. 579, 582 (S.D.Fla.1986). In reaching its conclusion the District Court enumerated several reasons why the expenses of an official creditor's committee should be reimbursed as expenses incurred in the course of committee efforts which were beneficial to the bankruptcy estate.

The District Court first read § 503(b)(3)(D) as supplementing § 503(b)(1)(A) and not as detracting from it. *Jennings,* 96 B.R. at 502. That is, the two statutes supplement each other by increasing the types of expenses which may be allowed as administrative expenses. By reading the statute in this manner the *Jennings* court was able to avoid the inequity that results when § 503 is read to allow unofficial committees to be compensated and prohibits compensation of official committees.

A further reason in support of the District Courts' reading of § 503 was the notion that allowing these expenses to be paid would promote "cooperation and participation" amongst creditors and the debtor in the settlement process. *Jennings* 96 B.R. at 503. This cooperation would help in the preservation of the estate by encouraging creditor participation in the reorganization process. The *Worthington* court expressed its belief that failure to compensate official committees would inhibit the committee's active participation in the reorganization process. In expressing its belief the *Worthington* court cited *In re Kaiser Steel,* 74 B.R. 885 (Bankr.D.Colo.1987) for the proposition that the official "committee role can be wholly impaired if creditors.... must personally finance the expenses which are necessary to active participation." *Worthington,* 921 F.2d at 633. Encouraging active creditor participation in the reorganization process is certainly included within the costs incurred in preserving the estate of the debtor contemplated by § 503(b)(1)(A).

This Court concludes that § 503(b)(1)(A) authorizes the bankruptcy court to allow reimbursement of official committee expenses as administrative expenses which are incurred as actual and necessary costs of preserving the estate and which are shown to be incurred in order to benefit the estate. These costs will be allowed, however, subject to application to the court and to scrutiny by the Court. In no case will expenses be allowed which are not expenses connected to official business of the committee.

The expenses sought in this matter were incurred in connection with attendance at official committee meetings, and as such were incurred for the betterment of the estate. For the foregoing reasons, these expenses are allowed as administrative expenses under § 503(b)(1)(A).

An appropriate order will issue in conformity with this opinion.