**In re AIR HAITI, S.A., Debtor.**

Bankruptcy No. 84–00457–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

Jan. 30, 1985.

Daniel L. Bakst, Johnson & Bakst, P.A., and Thomas E. Krause, West Palm Beach, Fla., for debtor.

Lawrence M. Schantz, Britton, Cohen, Cassel, Kaufman & Schantz, P.A., Miami, Fla., for National Association of Credit Management, etc. and Creditors' Committee.

## ORDER ON FEES

THOMAS C. BRITTON, Bankruptcy Judge.

A confirmation hearing was held in this chapter 11 case on December 17. Confirmation is presently under consideration by the court. At the same hearing, three fee applications were also properly before the court for consideration. (C.P. Nos. 46, 47 and 48.)

■ The debtor's attorney seeks (C.P. No. 46) a total of $30,000, of which half has already been received as a retainer, for 202 hours spent and anticipated to be spent in the conclusion of this case assuming confirmation of the plan presently before the court.

Considering the services performed and to be performed as well as the contingency inherent in almost every chapter 11 confirmation, I find the application reasonable and it is approved in the amount applied for.

■ The secretary for the creditors' committee, National Association of Credit Management of South Florida, Inc., has applied for $6,150 for services as secretary for the unofficial creditors' committee before bankruptcy and for services after its appointment by Judge Gassen on August 31, 1984. (C.P. No. 37.) The application claims a total of 30.5 hours spent up to the confirmation hearing, but does not reveal what part of that time was spent before its employment was authorized by this court. It is the applicant's burden to justify its application. It has failed to do so in this respect. I will, therefore, assume that half of this time, 15.25 hours was spent after employment was authorized. Clearly, no compensation from this debtor's estate is payable under any circumstances for services rendered before employment was authorized. B.R. 2014.

■ The application estimates 72 additional hours service including "the actual distribution" to creditors in accordance with the debtor's plan. It has long been my practice to provide for distribution either by the debtor's attorney or, in a few instances, by the debtor itself in order to avoid the additional and I believe unnecessary expense of a disbursing agent. The attorney is equipped to handle this responsibility at little or no additional expense and is expected to assume the responsibility without additional compensation. This ap-

plicant wants $60 an hour or 5% of the amount distributed as its compensation. I consider that expense unreasonable and unnecessary and it is disapproved.

■■■ There is no statutory authorization for compensation or reimbursement for the statutory creditors' committees. The provisions of 11 U.S.C. § 330 and of § 503(b)(3)(D) clearly suggest that no payment is authorized. A recent proposed "technical" amendment of the Code which would have authorized payment was rejected by Congress. *Collier on Bankruptcy* ¶ 503.04[3][d] (15th ed.). The applicant has not claimed that it made any "substantial contribution" in this case and I find none. The application is denied, therefore, simply because it is an unauthorized charge against the debtor's estate. *In re Lyons Machinery Co., Inc.*, 28 B.R. 600, 602 (Bkrtcy.E.D.Ark.W.D.1983); *In re Major Dynamics, Inc.*, 16 B.R. 279 (Bkrtcy.S.D. Calif.1981).

I have not overlooked the report that two members of Congress who were instrumental in guiding the recent amendments to the Code through Congress have made statements *after enactment of the legislation* to the effect that the failure to enact specific authorization for compensation or reimbursement of the creditors' committees was not intended to prevent such compensation from debtors' estates. However, as the Supreme Court has stated:

> "post-passage remarks of legislators, however explicit, cannot serve to change the legislative intent of Congress expressed before the Act's passage ... Such statements 'represent only the personal views of these legislators, since the statements were [made] after passage of Act.'" *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 132 [95 S.Ct. 335, 353, 42 L.Ed.2d 320] (1974).

See also *Quarles v. St. Clair*, 711 F.2d 691, 705 (5th Cir.1983); *Rogers v. Frito-Lay, Inc.*, 611 F.2d 1074, 1080 (5th Cir.1980), *cert. denied*, 449 U.S. 889, 101 S.Ct. 246, 66 L.Ed.2d 115; *Goolsby v. Blumenthal*, 581 F.2d 455, 460 (5th Cir.1978), *cert. denied*, 444 U.S. 970, 100 S.Ct. 462, 62 L.Ed.2d 384 (1979).

Nor have I disregarded the unpublished decision of Judge Aronovitz in this District reversing my denial in another case of this applicant's application. Judge Aronovitz's decision was made without the benefit of the legislative history provided in the enactment of the technical amendments.

■ If I am mistaken and if this applicant is entitled to compensation because its application for appointment was approved by Judge Gassen, I find that reasonable compensation for its services would be limited to $915.

■ The attorney for the creditors' committee has also applied (C.P. No. 48) for compensation in the amount of $7,500 and expenses in the amount of $71.75. The application is for 59 hours of services rendered and to be rendered. Once again, no detail is furnished with respect to either the nature nor the time when these services were furnished. Counsel's employment was not authorized by Judge Gassen until August 31, 1984. (C.P. No. 36.) Again, I shall presume that 29.5 hours were spent by this attorney after his employment was authorized. For the reasons stated above in connection with the application of the secretary for the committee, this application is denied.

■ If, however, I am mistaken and if payment from this estate is authorized under the existing statute, I would find that reasonable compensation for the attorney's services is $3,000. The expenses claimed I consider to be a normal overhead expense considered in reaching the foregoing conclusion.

Because the foregoing order is based upon the assumption that the chapter 11 plan presently before the court will be confirmed, this order is subject to that condition subsequent and the payments authorized by this order shall be disregarded until and unless the debtor's plan is confirmed.